ROBERT T. GESTRICH, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 11787–78, 12621–79. Filed June 4, 1980.

Robert T. Gestrich, pro se.
*Edward F. Peduzzi, Jr.,* for the respondent.

STERRETT, *Judge:* By letter dated August 8, 1978, respondent determined deficiencies in income taxes due from petitioner Robert T. Gestrich in the amount of $529.44 for his taxable year ended December 31, 1975, and $865 for his taxable year ended December 31, 1976. By a separate letter dated June 27, 1979, respondent determined a deficiency in income taxes due from petitioner in the amount of $112 for his taxable year ended December 31, 1977. Docket No. 11787–78, filed with respect to respondent's notice of deficiency dated August 8, 1978, and docket No. 12621–79, filed with respect to respondent's notice of deficiency dated June 27, 1979, were consolidated for trial, briefing, and opinion by order of the Court dated October 15, 1979. The issues for decision herein are petitioner's entitlement to certain claimed dependency exemptions, office-in-home expense deductions, and travel expense deductions.

## FINDINGS OF FACT

Some of the facts were stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner Robert T. Gestrich filed timely cash basis Federal income tax returns for the taxable years in issue. While all returns were filed by petitioner jointly with his wife Evalyn McD. Gestrich, Mrs. Gestrich did not join in her husband's petitions to this Court. Only Mr. Gestrich is, therefore, before us. At the times he filed his petitions herein, petitioner resided in Valencia, Pa.

Petitioner has at least two children, James M. and Michael W. Gestrich. On October 25, 1974, when both boys were minors, public assistance from the Butler County Board of Assistance was authorized for the two boys. By a court order dated November 4, 1974, petitioner's son Michael was placed in a foster home, where he continued to receive assistance from the county.

By Pennsylvania State law, a separate lien in an amount equal to the yearly amount of assistance paid to or on behalf of Michael was placed on petitioner's real estate for each of the taxable years before us. Thus, a lien of $1,620 was placed on petitioner's real estate, including his home and a separate parcel

of land located in Jamestown, Pa., for each of the taxable years 1975, 1976, and 1977.

Michael remained in the foster home at least through 1977. After Michael was placed in the foster home, and throughout the taxable years before us, petitioner severed all ties with Michael and has not expended any cash, directly or indirectly, for Michael's support. Nonetheless, petitioner claimed dependency exemptions with respect to Michael for each of his taxable years 1975, 1976, and 1977.

Petitioner is a man of many interests. During the taxable years before us, petitioner's primary effort was directed toward being an author. Petitioner wrote scripts, articles, advertisements, and worked on a book. All of petitioner's works during the taxable years before us remained unfinished and/or unpublished through at least the time of trial. Although petitioner earned no income from any of his writing activities during the taxable years before us, he was attempting to get his book published. Petitioner also had other employment during the taxable years before us. In 1975, petitioner earned $1,857.15 from Applied Science Associates, Inc., as an advertising salesman. Similarly, petitioner earned $1,805.72 from Applied Science Associates, Inc., in 1976. In 1977, petitioner received $2,288.48 from Evans Products Co., where he worked as a sales manager and $487.50 from S.E.E.P. where he was employed to locate unusual water supplies.

### OPINION

The first issue with which we must deal is petitioner's claim for dependency exemptions with respect to his son Michael. Michael was in a foster home starting in November of 1974. For each of petitioner's taxable years 1975, 1976, and 1977, a lien of $1,620 was placed on petitioner's real estate with respect to amounts paid on Michael's behalf. See Pa. Stat. Ann. tit. 62, sec. 1974 (Purdon). Petitioner argues that he is entitled to the dependency exemptions for Michael because he paid for Michael's support through the medium of the county by way of his acknowledged debt to the county, which debt is evidenced by these liens. Further, petitioner argues that the year in which support is received by the child, not the year the parent pays the support, is determinative of the year in which the parent is to be allowed the exemption. Respondent relies upon his Rev. Rul. 67–

61, 1967–1 C.B. 27, clarifying Rev. Rul. 58–404, 1958–2 C.B. 56, which, respondent argues, is in turn an amplification of our holding in *Donner v. Commissioner*, 25 T.C. 1043 (1956). In *Donner*, the taxpayers had provided less than one-half of their child's support in 1950. In 1954, the State secured a judgment against one of the petitioners requiring him to reimburse the Department of Public Welfare for the amounts expended on behalf of the child in 1950, and for other years, at the rate of $10 per month. We held that "something more than an unfulfilled duty or obligation on the part of the taxpayer" is required to qualify him for allowance of the dependency exemption. No dependency exemption was, therefore, allowable to the taxpayer for 1950.

We think this reasoning equally applicable to the case before us. Section 152(a) states that the term "dependent" includes "individuals over half of whose support * * * was *received from the taxpayer*." (Emphasis added.) Michael "received" his support, not from petitioner, but from the county. Far from symbolizing payment of amounts on his behalf for the benefit of his son, the fact that liens were placed on petitioner's land demonstrates that petitioner had failed to provide for his son's support. These liens gave some hope to the county that it might, in the future, recover some or all of its payments. They did not of themselves make the county whole. Attachment of the liens is reflective of the fact that petitioner's duty and obligation to support his son remained unfulfilled during the taxable years before us. Attachment of a lien is not of itself payment.[1] Sec. 1.446–1(c)(1)(i), Income Tax Regs. We conclude that petitioner is not entitled to the claimed dependency exemptions because Michael did not receive anything with respect to his support from his father during the taxable years before us.[2]

Next we must decide the allowability of petitioner's claimed office-in-home deductions for the taxable years before us. The question of whether petitioner was in the trade or business of

---

[1]There is no indication in the record as to why the liens were not enforced against petitioner's Jamestown real estate. As this was not petitioner's "home" it would appear not to be exempt from execution under sec. 1974. Pa. Stat. Ann. tit. 62, sec. 1974(a) (Purdon).

[2]Even if we were to ignore this fact, petitioner would fail because he did not establish the total amount spent for Michael's support during the taxable years before us. We cannot, therefore, tell what one-half of Michael's support would be.

being an author is one of fact. *Higgins v. Commissioner*, 312 U.S. 212, 217 (1941). While there are various factors to be considered in making such a determination, no single factor alone is dispositive. *Barrett v. Commissioner*, 58 T.C. 284, 288 (1972). In order to constitute a trade or business, it is necessary that petitioner's writing activity be engaged in for the purpose of making a profit. *Lamont v. Commissioner*, 339 F.2d 377, 380 (2d Cir. 1964), affg. a Memorandum Opinion of this Court. On the other hand, petitioner's expectation of a profit need not be reasonable, only genuine. *Jackson v. Commissioner*, 59 T.C. 312, 316 (1972). As a general rule, one will not be considered to be engaged in a "trade or business" unless one holds "one's self out to others as engaged in the selling of goods and services." *Deputy v. duPont*, 308 U.S. 488, 499 (1940) (Justice Frankfurter concurring); see *Snow v. Commissioner*, 416 U.S. 500, 502–503 (1974) (distinguishing the narrower concept of trade or business under sec. 162 from a broader concept under sec. 174); *Gentile v. Commissioner*, 65 T.C. 1, 5 (1975); *Barrett v. Commissioner, supra* at 290; *Barnett v. Commissioner*, 69 T.C. 609, 613 (1978). Of course, one may be engaged in more than one trade or business at any one time.

We believe that petitioner was engaged in the trade or business of being an author during the taxable years before us. He clearly spent a significant portion of his time working on his book and other materials. While petitioner had been paid for his works in years past, he earned no income from the sale of his works during the taxable years before us. Nonetheless, petitioner was attempting to get his book published and was, therefore, holding himself out for the sale of goods or services. We conclude, on the record before us, that petitioner was in the trade or business of being an author during the taxable years before us.

Petitioner's expenses in maintaining an office in his home will be deductible if these expenses were incurred in petitioner's trade or business and are not personal. Sec. 262; sec. 1.262–1(b)(3), Income Tax Regs. Petitioner has the burden of proof on this issue. *Welch v. Helvering*, 290 U.S. 111 (1933). We believe that petitioner has satisfied his burden with respect to his taxable year 1975. Petitioner was a writer. His only office was that which he kept in his home. Clearly, he could not have engaged in this trade or business without this home office.

Petitioner's use of this office was not "purely a matter of personal convenience, comfort, or economy." *Sharon v. Commissioner*, 66 T.C. 515, 523 (1976). Rather, it was a business necessity. Respondent has not challenged petitioner's deduction computation for this item. Thus, we allow petitioner's claim for his office-in-home deduction for his taxable year 1975.

Petitioner's taxable years 1976 and 1977 require different considerations. Section 280A is applicable to these taxable years. Sec. 601(a), Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520, 1976–3 C.B. (Vol. 1) 1, 45, 48. Because petitioner earned no income from his trade or business of being an author during his taxable years 1976 and 1977, no office-in-home deduction is allowable to him for those taxable years. Sec. 280A(a), sec. 280A(c)(5).[3]

Finally, we turn to petitioner's claimed travel expense deduction. Petitioner claimed a total of $2,620 in travel expenses for 1975. Part of this claim was, apparently, in respect of petitioner's travel to Corpus Christi, Tex., to research for his book. None of the amounts allocable to this trip are deductible because no substantiation therefor was provided. Sec. 274(d); sec. 1.274–5, Income Tax Regs. To the extent petitioner incurred business expenses in 1975 in excess of those allocable to the Corpus Christi trip, petitioner has failed to show that amounts in excess of those already allowed by respondent are allowable.

In 1976 and 1977, petitioner claimed deductions in the respective amounts of $2,420 and $2,113. These amounts were claimed with respect to business mileage, under the optional method ($1,950 and $1,751, respectively), and parking and tolls ($470 and $362, respectively). During 1976 and 1977, petitioner worked for Evans Products Co., Applied Science Associates, Inc., and S.E.E.P. either as a salesman or in some other capacity that

---

[3]During petitioner's taxable years 1976 and 1977, sec. 280A(c)(5) read as follows:

SEC. 280A(c)(5). LIMITATION ON DEDUCTIONS.—In the case of a use described in paragraph (1), (2) or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year· as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of—

    (A) the gross income derived from such use for the taxable year, over

    (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used.

Because petitioner has failed the test of sec. 280A(c)(5), we do not reach the question of whether petitioner's home office was his principal place of business. Sec. 280A(c)(1).

required local travel by car. Because these claims are with respect to local travel they need not pass through the fire of section 274(d). From all the evidence, we are convinced that petitioner did incur some allowable business mileage deductions during these taxable years. On the other hand, we are at a complete loss to determine, given the record before us, how many of the miles petitioner claimed are actually allowable. We think it fair, therefore, to allow him 10 percent of his claimed mileage expense and parking and toll deductions for the years 1976 and 1977. *Cohan v. Commissioner*, 39 F.2d 540, 544 (2d Cir. 1930).

*Decisions will be entered under Rule 155.*