ROBERT L. PIMPTON and REOLURE PIMPTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pimpton v. Commissioner
Docket No. 2802-79.
United States Tax Court
T.C. Memo 1981-3; 1981 Tax Ct. Memo LEXIS 739; 41 T.C.M. (CCH) 687; T.C.M. (RIA) 81003; January 5, 1981
*739 Held, deductions for employee travel expenses, medical expenses, and theft and casualty losses determined. Robert L. Pimpton, pro se. Irene S. Carroll, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 983.00 in the petitioners' Federal income tax for 1976. The issues for decision are whether the petitioners have shown that they are entitled to deductions claimed by them for employee travel expenses, medical expenses, and theft and casualty losses. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Robert L. and Reolure Pimpton, husband and wife, maintained their legal residence in Los Angeles, Calif., at the time they filed their petition in this case. They timely filed their joint Federal income tax return for 1976 with the Internal Revenue Service at Fresno, Calif.
During 1976, Mr. Pimpton was employed by the City of Los Angeles as a cement finisher, lead man. He supervised several work crews in the area of the city to which he was assigned. He reported to a central workplace from which he proceeded *741 to the day's work sites. The average distance from the central workplace to a worksite was 5 miles. It was often necessary for Mr. Pimpton to travel between the sites where his crews were working. The city provided Mr. Pimpton with a dump truck and a backhoe. However, to avoid disrupting his crew's work, he did not use either of such vehicles when it was necessary to travel between one work site and another. Instead, he used his personal vehicle, a pickup truck. He also used his truck, at times, to transport barricades and other safety devices between such sites. The city did not reimburse Mr. Pimpton for the business use of his truck. When required to use his truck for business purposes, Mr. Pimpton drove from his home to the central workplace and from there to a site where one of his crews was working. His round trip commuting distance was 14 miles. He worked 5 days per week and 49 or 50 weeks per year. He was absent from work on sick leave 4 or 5 days per year. On their 1976 return, the petitioners claimed a deduction for business travel of 4,680 miles, which included his commuting mileage. During 1976, the petitioners paid their dentists $ 362 and paid pediatric, expenses *742 of $ 109. On their 1976 return, the petitioners deducted medical expenses of $ 2,476. On August 29, 1976, two fender skirts were stolen from the petitioners' 1974 Chevrolet Caprice. The cost of replacing such fenders was $ 175. On September 28, 1976, the passenger-side window of the petitioners' automobile was smashed by vandals. The cost of repairing such window was $ 199.66. On their 1976 return, the petitioners reported that they had sustained a casualty loss of $ 400 and claimed a deduction of $ 300 based thereon. In his notice of deficiency, the Commissioner disallowed in full the deductions claimed by the petitioners for employee travel expenses, medical expenses, and casualty losses. OPINION The issues for decision are whether the petitioners have proved that they are entitled to the deductions claimed on their 1976 return for business travel, for medical expenses, and for theft and casualty losses. The burden of proof is upon the petitioners to prove their right to such deductions. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). Section 162(a) [1] allows a deduction for all the ordinary and *743 necessary expenses paid or incurred in carrying on a trade or business. The Commissioner has not challenged the petitioners' right to deduct under such section any unreimbursed travel expenses incurred by Mr. Pimpton in the course of his work; the Commissioner has merely questioned the substantiation of the deduction claimed by the petitioners. It is clear from Mr. Pimpton's testimony that he used his truck for business purposes. He had no documentary evidence as to the extent of such business usage. However, Mr. Pimpton's travel was purely local in nature, and therefore, the petitioners need not meet the stringent substantiation requirements of section 274(d). See sec. 1.274-5 (a)(1), Income Tax Regs.; Gestrich v. Commissioner, 74 T.C. 525, 530-531 (1980). We found his testimony to be reasonable and credible; but since he failed to produce precise evidence, we must resolve the doubts against him. See Cohan v. Commissioner, 39 F. 2d 540 (2d Cir. 1930). On this record, we find and hold that Mr. Pimpton drove his truck for business purposes 10 *744 miles per day, 5 days per week, 48 weeks per year, a total of 2,400 miles. Section 213(a) allows a deduction for the expenses of medical care of the taxpayer, his spouse, and his dependents, but only to the extent that such expenses exceed 3 percent of the adjusted gross income of the taxpayer. We have found that the petitioners paid $ 362 to their dentists and $ 109 for pediatric care. Mr. Pimpton also testified to an orthodontic expense of between $ 200 and $ 250 and an emergency room expense of $ 17 or $ 18 (net after insurance reimbursement), but his testimony was too vague to substantiate such expenses. Moreover, even if we were to allow such expenses, the petitioners' medical expenses would not exceed 3 percent of their adjusted gross income. See sec. 213(a)(1). Accordingly, the petitioners have failed to prove that they are entitled to deduct any of their expenses for medical care. Section 165(a) and (c)(3) allows a deduction for a theft or a casualty, but the deduction is limited to the amount by which each theft or casualty exceeds $ 100.00. The petitioners have proved that they sustained a theft in the amount of $ 175.00 and a casualty in the amount of $ 119.66, *745 but they were completely separate and distinct occurrences. Accordingly, in computing the allowable deduction, $ 100.00 must be subtracted from the amount of each loss, and we hold that they are entitled to a deduction of only $ 94.66 as a result of the theft and vandalism. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1976.↩