WARD GULVIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gulvin v. Commissioner
Docket No. 922-80.
United States Tax Court
T.C. Memo 1981-503; 1981 Tax Ct. Memo LEXIS 238; 42 T.C.M. (CCH) 1056; T.C.M. (RIA) 81503; September 14, 1981
Judy K. Hunt, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $ 813.02 in petitioner's Federal income tax for the taxable year 1975. Concessions having been made, the sole *239 issue for our decision is whether under sections 151 [1] and 152, petitioner is entitled to claim a dependency exemption for two of his children who, in the year in issue, resided in a foster care home and on whose behalf the foster parent received support funds from a public assistance program of the state of Florida. All of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. A summary of the relevant facts is set forth below. Petitioner resided in New Port Richey, Florida at the time of filing the petition in this case. He filed his income tax return for the taxable year 1975 with the Internal Revenue Center in Chamblee, Georgia. On his 1975 tax return, petitioner claimed dependency exemptions for two children, namely Sharon L. Gulvin (born December 20, 1960) and Dennis W. Gulvin (born September 10, 1962), neither of whom lived with the petitioner during 1975. During the calendar year 1975, the gross income of the children was less than $ 750 per child. Prior *240 to 1975, the children were placed in a foster home by order of the Pasco County (Florida) Juvenile Court. The foster home care of the children was under the jurisdiction of the Florida Department of Health and Rehabilitative Services, Division of Family Services, Child Welfare Services, Foster Home Care Program. Throughout the year 1975, the Florida Department of Health and Rehabiliative Services, Division of Family Services, provided funds to the foster parent of the children in the amounts of $ 1,982 for Sharon and $ 1,943 for Dennis. The children received support from no source other than the state of Florida in 1975. In his statutory notice of deficiency, the respondent disallowed the dependency exemption for Sharon and Dennis. Petitioner contends that, although the state is paying for his children's foster care, petitioner's estate will be liable to the state under Florida law for such state expenditures and therefore the state's public support payments should be treated as having been received from him. Conversely, respondent argues that since the funds provided by the state constituted the sole support of the children, the dependency exemptions are not allowable since *241 petitioner did not provide over one-half of the support of Sharon and Dennis in 1975 within the meaning of section 152. We agree with respondent. In computing a taxpayer's taxable income, section 151 allows as a deduction certain personal and dependency exemptions. Section 151(e)(1), as in effect in 1975, provided that a taxpayer is entitled to an exemption of $ 750 for each dependent whose gross income in the particular calendar year is less than $ 750, or who is a child of the taxpayer and either had not reached the age of 19 or was a student. [2] For purposes of section 151(e) the term "dependent" is defined in section 152(a)(1) to include a son or daughter of a taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer beings, was received from the taxpayer." *242 We note at the outset that petitioner argued this identical issue with virtually identical facts before this Court for the taxable year 1973. [3] See Gulvin v. Commissioner, T.C. Memo. 1980-111, affd. per curiam 644 F.2d 2 (5th Cir. 1981). We held, and the Fifth Circuit agreed, that petitioner's children did not "receive" over half of their support from petitioner in that year, irrespective of whether there might have existed some general obligation of petitioner to reimburse the state for their support if the state had taken the necessary steps to collect from petitioner or his estate. The same result must apply in this instant case with respect to the 1975 taxable year. *243 We have held on various occasions that welfare payments or other types of public assistance payments received by a claimed dependent do not constitute support furnished by the taxpayer. Gestrich v. Commissioner, 74 T.C. 525 (1980) (support payments made by county to petitioner's son was not considered as support "received from taxpayer" although the county placed liens on petitioner's estate with respect to these amounts); Lutter v. Commissioner, 61 T.C. 685 (1974), affd. per curiam, 514 F.2d 1095 (7th Cir. 1975), cert. denied, 423 U.S. 931 (1975) (monies paid to an indigent parent under an Aid to Families with Dependent Chidren program, as funded by Federal and state funds, are attributable to support provided by state rather than by indigent parent); Donner v. Commissioner, 25 T.C. 1043 (1956) (payments made by the state of Wisconsin expended exclusively for the support of taxpayer's child constituted support from a source other than the taxpayers). In the instant case, the parties have stipulated that the Florida Department of the Health and Rehabilitation Services, Division of Family Services, was *244 the sole source of support for Sharon and Dennis. Thus, the support furnished by the state was not "received from the taxpayer" within the meaning of section 152. The fact that the state may have the right to obtain reimbursement of support funds from petitioner or from his estate is immaterial for purposes of determining whether the support was "received from the taxpayer" under section 152(a) unless the state had actually received such a reimbursement in the taxable year. Gulvin v. Commissioner, supra; Gestrich v. Commissioner, supra; McKay v. Commissioner, 34 T.C. 1080 (1960); Donner v. Commissioner, supra.Indeed, the Fifth Circuit in recently affirming our decision in petitioner's action for the 1973 taxable year, specifically relied on Donner and McKay and stated: Even if Mr. Gulvin's estate is potentially liable for the amount of the state's payments, such liability should not be regarded as support having been "received" from the taxpayers. * * * Something more than an unfulfilled duty or obligation on the part of the taxpayer to support his children is required to satisfy the support requirements *245 of the Internal Revenue Code. Donner v. Commissioner, 25 T.C. 1043 (1956). Only support "received" from the taxpayer in the year for which the dependency exemption is claimed may be considered in determining whether over half of a child's support was received from the taxpayer. McKay v. Commissioner, 34 T.C. 1080 (1960). Reimbursement of a third party by the taxpayer in a later year for the amounts expended by the third party in an earlier year on behalf of the taxpayer's child is not support "received" by the child from the taxpayer and provides no basis for the allowance of a dependency exemption in the earlier year. See Donner v. Commissioner, 25 T.C. 1043 (1956). See also Casey v. Commissioner, 60 T.C. 68 (1973). [Gulvin v. Commissioner, 644 F.2d 2, 4 (5th Cir. 1981).] Furthermore, in Gestrich v. Commissioner, 74 T.C. 525 (1980), on similar facts, we held that liens placed on taxpayer's property equal to those amounts expended by the county for his son's support did not constitute support payments by the taxpayer. After discussing the holding and rationale of our decision *246 in Donner, we stated: We think this reasoning equally applicable to the case before us. Section 152(a) states that the term "dependent" includes "individuals over half of whose support * * * was received from the taxpayer." (Emphasis added.) Michael "received" his support not from petitioner, but from the county. Far from symbolizing payment of amounts on his behalf for the benefit of his son, the fact that liens were placed on petitioner's land demonstrates that petitioner had failed to provide for his son's support. These liens gave some hope to the county that it might, in the future, recover some or all of its payments. They did not of themselves make the county whole. Attachment of the liens is reflective of the fact that petitioner's duty and obligation to support his son remained unfulfilled during the taxable years before us. Attachment of a lien is not of itself payment. Sec. 1.446-1(c)(1)(i), Income Tax Regs. We conclude that petitioner is not entitled to the claimed dependency exemptions because Michael did not receive anything with respect to his support from his father during the taxable years before us. [74 T.C. at 528, fn. references omitted. *247 ] In accordance with the above, we hold that petitioner's children Sharon and Dennis did not receive more than one-half of their support from petitioner in 1973, and therefore petitioner is not entitled to the claimed dependency deduction for those children. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue.↩
2. Sec. 151(e) reads in pertinent part as follows: SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (e) ADDITIONAL EXEMPTION FOR DEPENDENTS.-- (1) IN GENERAL.--An exemption of $ 750 for each dependent (as defined in section 152)-- (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $ 750, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. (3) CHILD DEFINED.--For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or step-daughter of the taxpayer. (4) STUDENT AND EDUCATIONAL INSTITUTION DEFINED.--For purposes of paragraph (1)(B)(ii), the term "student" means an individual who during each of 5 calendar months during the calendar year in which the taxable year of the taxpayer begins-- (A) is a full-time student at an educational institution; or (B) is pursuing a full-time course of institutional on-farm training under the supervision of an accredited agent of an educational institution or of a State or political subdivision of a State. For purposes of this paragraph, the term "educational institution" means only an educational institution which normally maintains a regular faculty and curriculum and normally has a regularly organized body of students in attendance at the place where its educational activities are carried on.↩
3. Only two minor technical differences exist between the prior case involving the petitioner and this action. In 1973, petitioner claimed dependency exemptions for five of his children who had been placed in foster homes while in the instant case with respect to 1975 he claimed only two of these children as dependents. In addition, while the estate of petitioner's wife, Dorothy Gulvin, was a party to the prior action, we dismissed the present case for lack of jurisdiction insofar as it related to the Estate of Dorothy Gulvin.↩