GILBERT R. PARKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parker v. Commissioner
Docket Nos. 20195-82, 4115-83.
United States Tax Court
T.C. Memo 1984-233; 1984 Tax Ct. Memo LEXIS 444; 47 T.C.M. (CCH) 1760; T.C.M. (RIA) 84233; April 30, 1984. Gilbert *445 R. Parker, pro se. Gary Kirschenbaum, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) [1] and General Order No. 8 of this Court, 81 T.C. XXIII (July 1983). After review of the record, the Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined deficiencies in petitioner's 1977, 1979, and 1980 Federal income taxes in the amounts of $5,286, $5,793.36, and $6,069.78, respectively. Petitioner resided in New York, at the time his petition was filed in this case. After concessions by the parties, the issues remaining for decision are: 1. Whether petitioner is entitled to a deduction for home office expenses incurred; and 2. Whether petitioner incurred travel and entertainment expenses in carrying on his trade or business of writing a book. During the years in issue *446 petitioner was employed by the accounting firm of Deloitte, Haskins and Sells (Deloitte) as director of communications in charge of the firm's nationwide publications program. In addition, petitioner was engaged in the trade or business of writing a book. Petitioner used a portion of his residence exclusively and on a regular basis as the principal place of business for his activities as an author. Petitioner began writing his book in 1970. During 1976 petitioner rearranged his residence to provide production lines and work areas for the project. On or about December 1976 petitioner began typing his manuscript.Marketing of the book to publishers was expected to begin in January 1984. Petitioner received no gross income from writing his book during the years in issue. During the years 1977, 1979, and 1980, petitioner claimed a deduction for home office expenses in the amounts of $6,571, $4,904, and $5,444, respectively. [2] Petitioner also claimed a deduction for the years 1977, 1979, and 1980 for travel and entertainment expenses in the amounts of $8,844, $9,727, and $8,402, respectively. Petitioner contends these expenses are deductible since they were incurred in connection *447 with his trade or business of writing the book. Respondent maintains that the home office expenses are not deductible because of the limitation on deductions for such use where there is no gross income from the business activity carried on in the home office. With regard to the travel and entertainment expenses claimed, respondent contends that petitioner has failed to show that such expenses were incurred in connection with writing and producing his book, and, further, that such expenses fail to meet the substantiation requirements of section 274(d). In addition, respondent takes the position that the expenses are not allowable under section 280 which requires expenses for the production of a book to be capitalized and deducted ratably as income from the book is realized. 1. Home Office Expense
Petitioner concedes that he received no income from his book during any of the years in issue. He argues, however, that because his salary from Deloitte is gross income from his trade or business as *448 a writer, his total income from writing exceeds the deductions claimed for his home office. Respondent maintains, however, that petitioner's book-writing activities are a trade or business independent of his employment with Deloitte. Accordingly, he contends that petitioner's deductions for home office expenses are limited to the gross income received from his book. Whether an activity is a separate trade or business is a question of fact and is primarily determined by examining the nature of the activities and duties involved. See Davis v. Commissioner,65 T.C. 1014, 1019 (1976):, Curphey v. Commissioner,73 T.C. 766 (1980). Also see Sessions v. Commissioner,T.C. Memo. 1981-319; Perrote v. Commissioner,T.C. Memo. 1982-624. Petitioner's duties as an employee of Deloitte are not the same as his activities as an author engaged in writing a book. He has two separate businesses. His residence is the principal place of business for his activities as an author. It is not, however, related to his employment with Deloitte. Here, there is no dispute that petitioner had no gross income from his book-writing activities. *449 Accordingly, he is not entitled to a home office expense deduction because section 280A(c)(5) limits deductions for home office expenses to gross income received from the trade or business carried on in the home office. In the alternative, petitioner argues that the provisions of section 280A(c)(5), should not be applied to him because they are unreasonable and unfair as applied to his circumstances. He contends that Congress could not have intended to deprive him of a deduction of legitimate business expenses merely because his book has not reached the income-producing stage. Deductions, however, are a matter of legislative grace and petitioner must show that he is entitled, under the statute, to the deduction claimed. New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435, 440 (1934). The statute provides no exceptions from the provisions of section 280A(c)(5). Under such circumstances we will not go beyond the terms of the statute in search of a contradictory legislative intent. With regard to petitioner's contention that the statute is unreasonable and unfair, we have no authority to depart from the dictates of the statute in order to provide him with relief. *450 See Hays Corp. v. Commissioner,40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964). The statute does not exempt authors from the provisions of section 280A(c)(5). In fact, we have held on several occasions that the home office deduction of a writer is limited to the gross income from his writing. See Gestrich v. Commissioner,74 T.C. 525 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982). Also see Warganz v. Commissioner,T.C. Memo. 1981-403, affd. without published opinion 696 F.2d 987 (3d Cir. 1982). Hence, respondent's determination on this issue is sustained. 2. Travel and Entertainment Expenses
Petitioner has the burden of showing that he is entitled to the deductions claimed. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Here, petitioner has failed to carry his burden of showing that the expenses incurred for travel and entertainment were related to his book-writing activities. Although petitioner did show the amounts, time, and place of the expenditures, he failed to show the *451 business purpose of the travel or entertainment. Only those expenses which can be shown to be ordinary an necessary in carrying on a trade or business are deductible under section 162(a). Petitioner's evidence consists of his testimony that certain individuals were actively assisting him in writing the book and that of one individual, a personal friend, who testified that he assisted petitioner. From the record, it appears that the travel and entertainment expenses were incurred for personal rather than business reasons. There is no substantial, credible evidence that the individuals entertained were authors or book publishers, or that they contributed any special expertise in writing. In addition, petitioner has failed to meet the substantiation requirements of section 274(d) which requires that he must be able to substantiate, by adequate records or by sufficient evidence to corroborate his statement, the business purpose or relationship of the travel and entertainment expenses incurred. Accordingly, we can only conclude that petitioner has failed to show that he is entitled to the deductions claimed for travel and entertainment expenses. Because of our decision that *452 petitioner is not entitled to deduct his home office, travel, and entertainment expenses, we need not address respondent's argument that such expenses are not deductible under section 280. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner now concedes that he is not entitled to a home office expense deduction in excess of $2,636, $3,725, and $4,799 for the years 1977, 1979, and 1980 respectively.↩