RICHARD AND ANNA DOVIAK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doviak v. Commissioner
Docket No. 10908-81.
United States Tax Court
T.C. Memo 1984-454; 1984 Tax Ct. Memo LEXIS 213; 48 T.C.M. (CCH) 957; T.C.M. (RIA) 84454; August 28, 1984. Richard Doviak, pro se. David G. Hendricks, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $215 deficiency in petitioners' 1978 Federal income taxes. The sole issue for decision is whether petitioners qualify for a home office deduction under section 280A. [1]
FINDINGS OF FACT Some of the facts have been stipulated and have been found accordingly. Petitioners, Richard Doviak and Anna Doviak, husband and wife, were residents of Norman, Oklahoma, *214 at the time they filed their petition herein. Petitioners filed a joint U.S. individual income tax return (Form 1040) for their 1978 taxable year with the Internal Revenue Service in Boston, Texas. At all relevant times, Richard Doviak (hereinafter petitioner), a scientist, was employed full-time by the National Severe Storms Laboratory, Environmental Research Laboratories, National Oceanographic and Atmospheric Administration, U.S. Department of Commerce, in Norman, Oklahoma (hereinafter NSSL). Petitioner was provided with an office in his place of employment. During 1978, petitioner taught a meteorology course at the University of Oklahoma, in Norman, Oklahoma. The University did not provide petitioner with an office. The meteorology course was taught in the morning, during normal working hours at NSSL, three days per week. Petitioner's employer permitted him to take off time from work for teaching, provided that petitioner put in the time necessary to maintain his current level of performance at the laboratory. Petitioner received no income during 1978 for his services as an instructor at the University of Oklahoma. Petitioner established an office in his home which *215 he used to prepare lectures for his classes at the University, to work on a book he is currently writing, to write professional articles, and to do work for his employer. During the year in issue, petitioner received no income on his efforts as a writer, and he did not expect to make a profit from his writing in the future. On their 1978 Federal income tax return, petitioners claimed a miscellaneous deduction in the amount of $746.23 for expenses attributable to maintenance of an office in their home. In the statutory notice of deficiency, respondent allowed $229.35 as miscellaneous employee expenses and disallowed $516.88 of petitioners' claimed home office expenses. OPINION The sole issue for decision is whether petitioners qualify for a home office deduction under section 280A. Generally section 280A disallows deductions to individuals "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." However, section 280A(c)(1) sets forth the following exceptions to the general rule: (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit *216 which is exclusively used on a regular basis-- (A) the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Petitioner argues that his home office was used both in the normal course of his business for his employer's convenience, and as his principal place of business in his employment as a teacher and writer. Respondent maintains that petitioner is not entitled to the deductions because the home office was not petitioner's principal place of business in his employment with NSSL and was not established for the convenience of NSSL. Respondent also asserts that no deduction is allowable because petitioner was not in the trade or business of being a writer or teacher. Respondent's determination *217 is presumptively correct and petitioner bears the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. A taxpayer may have only one principal place of business for each business in which he is engaged. Green v. Commissioner,78 T.C. 428, 433 (1982), revd. on other grounds 707 F. 2d 404 (9th Cir. 1983); Jackson v. Commissioner,76 T.C. 696, 700 (1981). To determine the principal place of business within the meaning of section 280A(c)(1)(A) we must ascertain the "focal point of a taxpayer's business activities." Jackson v. Commissioner,supra.In the instant case, petitioner was a full-time employee of NSSL and his employer provided him with an office there. On the record before us, we must conclude that the focal point of petitioner's business activities as a scientist was at the place of his employment, NSSL. Petitioner's assertion that he did additional research at home because the employer's facilities were closed, or because the air conditioning was shut off in the evenings, is insufficient to convert his home into his principal place of business. [2]
*218 We similarly reject petitioner's alternative argument that his home office was used as his principal place of business for teaching and writing. In order to be entitled to a deduction, petitioner must establish that he was in the trade or business of being an instructor or an author. See Curphey v. Commissioner,73 T.C. 766, 770 (1980). Petitioner concedes that during the year in issue, he did not receive any income from his teaching or writing. In addition, petitioner admitted at trial that he did not expect to make a profit from his teaching or writing activity. Accordingly, we must conclude that petitioner's teaching and ariting activities did not rise to the level of a separate trade or business. See Gestrich v. Commissioner,74 T.C. 525, 529 (1980), affd. without published opinion 681 F. 2d 805 (3d Cir. 1982). [3]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless indicated otherwise, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. Since we find that petitioner's home office was not his principal place of business in connection with his employment at NSSL we need not decide whether the office was used for the convenience of his employer.↩
3. In light of our conclusions we need not determine whether the home office was "exclusively used" in petitioner's employment, teaching, or writing activities.↩