CHARLEAN DICKSON AND WILLIE R. DICKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dickson v. Commissioner
Docket No. 25171-82.
United States Tax Court
T.C. Memo 1986-182; 1986 Tax Ct. Memo LEXIS 423; 51 T.C.M. (CCH) 970; T.C.M. (RIA) 86182; May 5, 1986. Charlean Dickson and Willie R. Dickson, pro se. Erin Collins, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, for the taxable years 1978 and 1979, determined deficiencies in Federal income tax in the amounts of $7,918.61 and $7,234.90 and additions to tax under section *425 6651(a) [1] in the amounts of $1,155.33 and $273.34, respectively. By his amendment to answer, filed May 16, 1985, respondent sought an increased deficiency for the taxable year 1979 in the amount of $808.10 which would increase the amount determined in the statutory notice for the taxable year 1979 to $8,043. The parties have agreed to several of the issues raised by the statutory notice, leaving the following issues for the Court's consideration: (1) Whether petitioners' basis for depreciation of rental property be the fair market value or the adjusted and, if adjusted basis, whether petitioners can substantiate an adjusted basis in excess of that allowed by respondent; (2) whether petitioners' writing and promotional activity conducted as "Dickson's Innovative Enterprises" constituted an activity for profit and, accordingly, whether petitioners' claimed loss is deductible for the taxable year 1979; (3) whether petitioners are entitled to deduct the expenditures of maintaining an office in their home during the taxable year 1979; and (4) whether, as part of a casualty loss, petitioners are entitled to claim the amount expended to rent an automobile in order to provide transportation *426 to and from the place of petitioner's employment. Some of the facts have been stipulated, and the stipulation of facts and exhibits thereto are incorporated herein by this reference. Petitioners, Willie R. and Charlean Dickson, are husband and wife and they resided in Upland, California, at the time of filing their petition herein. Petitioners' 1978 and 1979 joint Federal income tax returns were filed with the Fresno, California, Internal Revenue Service Center on May 5, 1980. Although the parties settled several issues by means of their stipulation of facts, neither party, either on brief or otherwise, referenced the addition to tax unser section 6651(a) which concerns the determination that petitioners filed their joint income tax returns late. It is clear from the record that both returns were filed beyond the April 15 deadline and petitioners have offered no evidence to explain the late filing. Accordingly, we find that respondent correctly determined *427 additions to tax pursuant to section 6651(a)(1) for the taxable years 1978 and 1979. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Casualty Loss, Deduction of Rental Car
The parties have agreed that petitioners incurred a casualty loss in the amount of $300 during 1979 attributable to damage to petitioners' automobile. In addition, petitioners incurred $300 for the rental of an automobile to provide Mrs. Dickson with transportation to and from her place of employment. Section 165(c)(3) permits individuals to deduct losses of property from a casualty. Petitioners have claimed a $300 automobile rental expense as part of their casualty (automobile accident). The cost of renting an automobile while a damaged automobile is being repaired is not a loss of property within the meaning of section 165(c)(3). Feistman v. Commissioner,T.C. Memo. 1971-137; Bartlett v. United States,397 F. Supp. 216 (D. Md. 1975); see also Rev. Rul. 59-398, 1959-2 C.B. 76. Petitioners also claim that the cost of a rental automobile *428 would be deductible as connected with petitioners' business. Petitioners' argument is based upon the fact that the rental automobile was only used for Mrs. Dickson's transportation to and from her place of employment. It is well established that transportation between one's residence and place of employment is a personal commuting expense and is not deductible. Commissioner v. Flowers,326 U.S. 465, 470-474 (1946). In view of the foregoing, we find that no portion of the $300 expended by petitioners for a rental automobile during the taxable year 1979 is deductible as either a casualty loss or a business expense. Adjusted Basis of Rental Property
During 1964, petitioners purchased a residence on San Carlos Drive, Pomona, California, and resided there until 1977. In 1977, petitioners purchased a second residence and converted the San Carlos Drive residence into rental property (San Carlos property). Petitioners originally purchased the San Carlos property for $14,300, $2,000 of which was attributable to the cost of the land. For purposes of depreciation, petitioners *429 utilized what they thought to be the fair market value, or $51,000, at the time of conversion (1977) of the residential property to rental property. Petitioners purchased $3,200 in carpeting and drapes during 1977 and claimed depreciation in the amount of $523.64 for 1978 and $465.45 for 1979. Respondent, in the statutory notice of deficiency, disallowed all depreciation with respect to the rental property, with the exception of the depreciation claimed for the carpeting and drapes for the 1978 taxable year. By amended answer, respondent similarly disallowed the depreciation attributable to the rental property and allowed the depreciation attributable to the carpeting and drapes for the taxable year 1979. Petitioners, after reading Internal Revenue Service publications, thought that their conversion of the residence to rental property was an event similar to the receipt of property from a decedent which would provide for a "stepped-up basis" of fair market value. Section 167(g) provides that the basis for depreciation shall be the adjusted basis provided for in section 1011. Section 1011, *430 in conjunction with section 1012, provides that the basis of the property shall be cost, as adjusted under section 1016 for appropriate increases or decreases to the original cost. Petitioners were not able to provide specific documentation as to the capital additions to the San Carlos property. Their testimony, however, was concise and credible. Petitioners remembered specific dates and amounts of improvements to the San Carlos property, all of which seemed reasonable. Based upon the record, we find the following capital improvements were made to the San Carlos property: 1972--conversion of garage into a living room, $4,000; and installation of a sprinkler sysyem, $5000. 1976--installation of a new roof, fence and paneling, $1,500. During 1979, petitioners purchased and installed a garbage disposal at a cost of $80. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Respondent did not question the method of depreciation nor the rate employed by petitioners for either of the taxable years in question and, accordingly, those aspects of the depreciation and not in dispute. In view of the foregoing, we find that the San Carlos property had a depreciable cost *431 basis of $12,300 (exclusive of the land) and that the adjusted basis for purposes of depreciation includes the amounts determined as capital expenditures above. "Dickson's Innovative Enterprises" - Deductibility of Claimed Expenses - Profit Motive
For the taxable year 1979, respondent has disallowed $465 in claimed expenses by petitioners concerning Mr. Dickson's writing and mail-order activity under the designation "Dickson's Innovative Enterprises." The $465 disallowed was composed of $50 in claimed depreciation attributable to furniture and business machines, $210 of office supplies and postage, $36 in business taxes and $169 for rough draft typing assistance from a freelance typist. During 1979, Mr. Dickson was employed by Aerojet Electrosystems Co. of Azusa, California. During Mr. Dickson's college education, he had written a thesis concerning career planning. Subsequent to his college education, during the taxable year 1979, Mr. Dickson decided to utilize his writing ability to develop and market literary works on career planning, "how to get a job" and "over 101 ways to improve your bowling." It was Mr. Dickson's intention to develop and market written materials through *432 a mail-order approach. During the 1979 taxable year, petitioner applied for a post office box, a third-class mailing permit, obtained a business licenses from the City of Upland, California, at a cost of $36 per annum, designed and purchased business stationery with his logo "Dickson's Innovative Enterprises," purchased office furniture and equipment, test-marketed some of his bowling aid materials, prepared and submitted for rough draft typing written materials concerning the various "how to" subject matters, and contacted printing and publishing houses concerning the cost and method of publication. During the year 1979, petitioners realized no income from Mr. Dickson's writing and mail-order activity. Respondent argues that petitioner merely had a "subjective * * * intention to make a profit" and that was not sufficient. The standard by which we must determine whether petitioners' claimed deductions are allowable is whether Mr. Dickson's activities were entered into with "the actual and honest objective of making a profit," Dreicer v. Commissioner,78 T.C. 642, 645 (1982), *433 affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Section 1.183-2(a) and (b), Income Tax Regs., defines "activity not engaged in for profit" and lists nine factors to be taken into consideration concerning profit objective. The case law and the regulations make it clear that the standard is subjective. A reasonable expectation of profit is not required. Respondent argues that Mr. Dickson's activities were only part-time; that his writings were not yet complete; and that Mr. Dickson had a full-time job, was president of the Lions Club and exchange chairman for Youths, so that his writing activities had to take a "back seat" to his other activities. We disagree with respondent's interpretation of the facts in this case. Mr. Dickson spent substantial time in attempting to develop materials and market them with an "actual and honest objective to make a profit." Mr. Dickson's maintaining a full-time job, serving as president of a community and social organization and being involved with young people, in addition to his profit-seeking activities is a positive factor reflecting his motivation, rather than respondent's attempt at negative inference from the fact that *434 petitioner devoted time to other activities. Samples of Mr. Dickson's writing accomplishments and other indicia of his business activity are contained in the record. In the context of this case, petitioners have not incurred substantial losses over a long period of time, see Hires v. Commissioner,T.C. Memo. 1980-172, nor have they derived personal pleasure or recreation from the writing activity or expenditure of funds to purchase business paraphernalia. In view of the foregoing, we find that petitioners were involved in an activity for profit during the taxable year 1979 and the $465 claimed loss is allowable. [2]
Office in the Home
The provisions of section 280A may cause the denial of a deduction to a taxpayer concerning the use of part of their home to engage in business activity. Section 280A basically denies deductions for *435 the use of a private dwelling, which is otherwise used as a residence, with certain exceptions. Under subsection 280A(c)(1), deductions for use of part of a residence are allowable where it is used exclusively on a regular basis as the principal place of business for any trade or business of the taxpayer. The amount deductible is limited to the amount of income derived from the particular business activity conducted in the private residence after reduction for other expenses. Gestrich v. Commissioner,74 T.C. 525, 530 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982); sec. 280A(c)(5). Because Mr. Dickson did not report any gross income with respect to his writing activity, the limitation of section 280A(c)(5) would serve to obviate the need to consider whether petitioners are otherwise entitled to a deduction for the use of their personal residence for business activity during the taxable year 1979. In view of the foregoing, we hold that petitioners are not entitled to any deductions claimed for 1979 attributable to the use of their personal residence. To reflect the foregoing and concessions made by the parties, Decision *436 will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties did not raise the issue of whether petitioners' expenditures were subject to the provisions of sec. 280. Therefore, we need not address this issue. See Garrison v. Commissioner,↩ 86 T.C.     (Apr. 22, 1986).