STANLEY JOSEPH LAKOTA, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lakota v. Commissioner
Docket No. 28593-87
United States Tax Court
T.C. Memo 1989-31; 1989 Tax Ct. Memo LEXIS 31; 56 T.C.M. (CCH) 1118; T.C.M. (RIA) 89031; January 17, 1989
Stanley Joseph Lakota, Jr., pro se. Michael P. Breton, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986, and Rule 180 et seq. (Hereinafter, all section references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure). Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes for the years 1982, 1983, and 1984: Additions to Tax, I.R.C. 1954
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
1982
$ 1,105.00
$ 125.00
$  55.00
*
1983
896.00
-0-  45.00 **
1984
3,771.00
-0-  189.00 ***
*35 The issues for decision are: (1) whether petitioner is liable under section 6651(a)(1) for failing to file a return for 1982; (2) if petitioner filed a return for 1982, whether he failed to report wage income of $ 9,330.14, interest income of $ 627.00, and unemployment compensation of $ 411.00; (3) whether petitioner is entitled to a capital loss deduction for 1983 in the amount of $ 3,000.00; (4) whether petitioner is entitled to employee business expenses for 1983 in the amount of $ 4,163.00; (5) whether petitioner is entitled to Schedule C expenses for 1984 in the amount of $ 5,531.00; (6) whether petitioner is entitled to Schedule E expenses for 1984 in the amount of $ 14,513.00; and (7) whether petitioner is liable for additions to tax under section 6653(a) for 1982, 1983, and 1984. Some of the facts have been stipulated and are so found. The stipulations of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Holyoke, Massachusetts when he filed his petition. For convenience, we will combine the specific findings of fact and opinion by issue for each taxable year. Taxable Year 1982 Failure to File Return
Petitioner was employed *36 as a tax examiner by the Internal Revenue Service Center at Andover, Massachusetts. He was a seasonal employee and worked for approximately 12 to 13 weeks in 1982. He received wage income of $ 7,052.00 from the Department of the Treasury. During this time, petitioner was also employed by Sovereign Hotels, Inc. and received wage income of $ 2,278.14. Petitioner received interest income from the Springfield Institute for Savings, United Cooperative Bank, and Home Savings Bank in the amounts of $ 18.00, $ 40.00, and $ 569.00, respectively. At trial, petitioner presented as evidence a "working copy" of his 1982 return. On the working copy, petitioner reported his total wage income of $ 9,330.14 and his total interest income of $ 627.00. The working copy was dated April 5, 1983, and was unsigned. Petitioner testified that he signed the return and mailed it to the Internal Revenue Service Center in Andover, Massachusetts, on April 5, 1983. Petitioner filed timely income tax returns for 1980, 1981, 1983, and 1984. Respondent determined that petitioner failed to file a return for 1982 because the return could not be located after a search of the records at the Andover Service Center. *37 The evidence petitioner introduced at trial consisted of the working copy of his return and his testimony. We observed petitioner as a witness and we found him to be forthright and credible on this issue. Therefore, based on the record as a whole, we find that petitioner filed a timely income tax return for 1982. Accordingly, the section 6651(a)(1) addition to tax cannot be sustained. Under these circumstances, the statute of limitations might bar the assessment and collection of any deficiency and additions to tax due from petitioner for the 1982 taxable year. Sec. 6501. However, petitioner has not raised the statute of limitations as an affirmative defense, either in his petition, as required by Rule 39, or at trial. Petitioner's failure to raise the statute of limitations amounts to a waiver of this affirmative defense. Unreported Income
During part of 1982, petitioner was unemployed. He received unemployment benefits from the State of Massachusetts in the amount of $ 411.00 which he failed to include as income on his 1982 return. As a general rule, gross income includes unemployment compensation. Sec. 85. Therefore, we sustain respondent on this adjustment. *38 Respondent also determined that petitioner failed to file a return reporting wage income of $ 9,330.14 and interest income of $ 627.00. However, we have found that these amounts were reported on petitioner's 1982 return, and that this return was timely filed with respondent. Therefore, respondent cannot be sustained on these adjustments. Negligence Additions
For purposes of section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinary prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that he is not liable for the additions to tax. Luman v. Commissioner,79 T.C. 846, 860-861 (1982). The facts demonstrate that petitioner was negligent in failing to report unemployment compensation income of $ 411.00 in 1982. Therefore, we sustain respondent's determination on these additions to tax. Taxable Year 1983 Capital Loss Deduction
Sometine in 1973, petitioner acquired property on Belle Street in Springfield, Massachusetts. The property was subject to a $ 64,199.62 mortgage held by Chicopee Savings Bank (Bank) *39 in Chicopee, Massachusetts. Petitioner was unable to meet the mortgage payments and on August 4, 1976, the Bank foreclosed on the property. Petitioner was relieved of any further liability on the unpaid mortgage. On his 1983 return, petitioner reported an $ 87,542.00 net long-term capital loss carryover from years beginning after 1969 in connection with the Belle Street property. However, his maximum deduction was limited to $ 3,000.00. On his 1980 return, petitioner reported the cost basis of the Belle Street property as $ 265,000.00, but claimed no long-term capital loss. On his 1981 return, petitioner reported the cost basis of the Belle Street property as $ 245,000.00 and claimed a $ 3,982.00 capital loss. On his 1982 return, petitioner claimed a $3,819.00 ordinary loss carryover on Schedule E for the Belle Street property. Section 165(f) permits a deduction for losses from sales or exchanges of capital assets only to the extent allowed in sections 1211 and 1212. These sections generally provide that an individual is allowed a capital loss only to the extent of the gains from such sales or exchanges, plus (if the losses exceed the gains) the lesser of $ 3,000, or the excess *40 of losses over gains. Sec. 1211(b). Individuals may carry over excess capital losses to succeeding years, but capital loss carrybacks are not allowed. Sec. 1212(b). It is well established that deductions are a matter of legislative grace, and petitioner has the burden of proving that he is entitled to any deductions claimed on his return. Welch v. Helvering,290 U.S. 111, 115 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Deputy v. du Pont,308 U.S. 488, 493 (1940); Rule 142(a). Petitioner has failed to meet his burden. Petitioner's testimony at trial regarding the claimed capital loss deduction was confusing. His treatment of the loss on prior years' returns is inconsistent and bewildering. Even if we were to accept petitioner's testimony at face value, we are left without any facts to sustain petitioner's computation of his purported capital loss carryover to 1983. He has not established the amount of his initial capital loss in 1976, or what part, if any, of that loss can be carried over to successive years. Therefore, we sustain respondent on this issue. Employee Business Expenses
On Form *41 2106 attached to his 1983 return, petitioner claimed $ 4,163.00 for employee business expenses. This deduction was comprised of $ 4,028.00 for automobile mileage, parking and tolls and $ 135.00 for meals and lodging away from home. Respondent disallowed this deduction in full. We note that petitioner's claimed expenses were not incurred as employee business expenses, but were incurred in connection with petitioner's jewelry design business -- WL Design. The income and expenses of WL Design were reported on Schedule C. Section 162(a) permits a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. However, section 274(d) provides that no deduction shall be allowed under section 162 for travel expenses away from home "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement, (A) the amount of such expense * * *, (B) the time and place of the travel, * * * [and] (C) the business purpose of the expense * * *." Section 1.274-5(c)(2), Income Tax Regs., provides that "adequate records" shall consist of documentary evidence and a diary or account book, statement *42 of expense, or similar record, in which the element of the expenditures are recorded at or near the time of the expenditure. Petitioner maintained a log of his mileage, but did not produce it at trial. Petitioner's testimony on this issue was vague and confusing. From the record, however, we gather that the automobile mileage, tolls and parking were incurred in traveling both locally and away from home. Local travel expenses need not meet the strict substantiation requirements of section 274(d). Sec. 1.1274-5(a)(1), Income Tax Regs; Gestrich v. Commissioner,74 T.C. 525, 530-531 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982). Under certain circumstances, we are permitted to estimate expenses when we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). However, in order to estimate expenses, "there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was, in fact, spent or incurred for the stated purposes." Williams v. United States,245 F.2d 559, 560 (5th Cir. 1957). *43 Until the trier has assurance from the record, relief to the taxpayer would be "unguided largesse." Williams v. United States, supra at 544. Accord Vanicek v. Commissioner,85 T.C. 731, 742-743 (1985). Because there is insufficient evidence in the record to permit us to estimate local automobile mileage versus automobile mileage away from home, we sustain respondent's disallowance of the claimed automobile mileage, parking and tolls. Petitioner also has failed to meet the substantiation requirements of section 274(d)(2) for meals and lodging expenses while away from home. Therefore, we sustain respondent's disallowance of these expenses. Negligence Additions
We are satisfied from the record that petitioner was negligent and disregarded rules or regulations in preparing his return for 1983. He has failed to present evidence to prove otherwise. Therefore, respondent is sustained on this issue. Gallagher v. Commissioner,75 T.C. 313 (1980). Taxable Year 1984 Schedule C Expenses
On Schedule C attached to his return, petitioner claimed the following deductions: Legal and professional services
$ 1,250
Rent or business property
50
Utilities and telephone
31
Auto (destroyed)
4,200
Total deduction
$ 5,531
*44 Respondent disallowed these deductions because petitioner failed to establish that these expenses constituted ordinary and necessary business expenses or that he was engaged in a trade or business. Sometime prior to 1984, petitioner arranged for the manufacture of jewelry he had designed. He found the manufactured jewelry of inferior quality and refused to pay the manufacturer. The manufacturer obtained a judgment against petitioner in the sum of $ 19,000.00. Petitioner hired an attorney when his employer, the Internal Revenue Service, insisted that he take care of his financial debts. At trial, petitioner presented two checks and a money order payable to an attorney in Springfield, Massachusetts. All of these documents were dated sometime in 1982. Petitioner failed to present any documentary evidence which would substantiate his entitlement to a deduction for legal and professional services in 1984. Therefore, petitioner is not entitled to any deduction for this claimed expenditure. In December, petitioner removed the jewelry from his residence and rented space in a self-storage locker. He paid $ 54.00 to Easy Storage in West Springfield, Massachusetts and $ 52.19 *45 to rent a truck to transport the jewelry from his residence to the storage space. Petitioner is entitled to a deduction for these expenses totalling $ 106.19. Petitioner presented no evidence with regard to the $ 31.00 deduction for utilities and telephone. Therefore, he is not entitled to a deduction for this claimed expenditure. Petitioner was involved in an automobile accident in his 1979 Ford Granada. The automobile was badly damaged and the car was towed to a garage. Although the car was never repaired, the estimated cost of repair was $ 3,359.00. To this amount, petitioner added $ 500.00 for repairs to the car before the accident, and towing and storage costs to arrive at the $ 4,200.00 claimed on Schedule C. Petitioner did not know the Bluebook or wholesale value of the car. Petitioner claimed that the 1979 Ford Granada was used exclusively in his jewelry business, therefore he claimed the deduction on Schedule C. Petitioner has not established that the car was used solely in his business. However, the loss of his vehicle may qualify as a casualty loss. Sec. 165(c)(3). The proper measure of a loss due to casualty is the difference between the fair market value *46 of the property immediately before the casualty and its fair market value immediately after the casualty, but not exceeding its adjusted basis. Sec. 1.165-7(b)(1), Income Tax Regs.; Helvering v. Owens,305 U.S. 468 (1939); Cornelius v. Commissioner,56 T.C. 976 (1971). Petitioner has the burden of proving the amount of the casualty loss. Pfalzgraf v. Commissioner,67 T.C. 784, 787 (1977); Rule 142(a). Although we are sympathetic to petitioner's plight, there is no evidence which could enable us to make a determination of the amount of his loss. An estimation of the cost of repairs alone cannot sustain petitioner's burden on this point and we cannot speculate in the absence of any proof. Schedule E Expenses
Petitioner purchased property located at 214 Elm Street, in Holyoke, Massachusetts. The building was vacant at the time of purchase. Petitioner intended to renovate the premises and convert the building to rental property. To date, renovations have not been completed and petitioner has not received any rental income. On Schedule E attached to his return, petitioner claimed the following expenses in connection with *47 this property: Damage from vandals
$   925
Insurance
1,365
Interest
1,100
Legal and other fees
200
Taxes
843
Utilities
79
Total
$ 4,512
Due to an addition error, petitioner incorrectly totalled these expenses as $ 4,713.00. We find that these expenses were not ordinary and necessary expenses paid or incurred in carrying on any trade or business within the purview of sections 162(a) and 212. Therefore, if these expenses are allowable at all, they would be allowed as personal itemized deductions. Petitioner claimed $ 925.00 for windows which were broken by vandals. Petitioner testified that the claimed amount represented the cost of replacement, but that he did not expend any money in 1984 to replace the windows. He arrived at the $ 925.00 for insurance purposes. Because petitioner did not expend this amount, no deduction is allowable under section 165(a). The amounts of $ 1,365.00 deducted for insurance and $ 79.00 for utilities are likewise nondeductible. They are personal living expenses for which no deduction is allowed under section 262. The legal and professional fees of $ 200.00 which were paid in connection *48 with the acquisition of the property are nondeductible capital expenditures. Therefore, no deduction is permissible. We find, however, that petitioner is entitled to personal itemized deductions for interest of $ 749.97 and real estate taxes of $ 843.00 pursuant to the provisions of section 163 and section 164, respectively. Petitioner also claimed a "$ 9,800.00 loss carryover" in connection with the Belle Street property foreclosure in 1976. As we have addressed this issue earlier, there is no need for a lengthy discussion. Suffice it to say that petitioner has failed to meet his burden of proving that he is entitled to the deduction in this year as well. Rule 142(a). Negligence Additions
As with the prior years at issue, petitioner has failed to demonstrate why he is not liable for the imposition of the addition to tax for negligence under section 6653(a). The record supports our sustaining respondent on this issue. Based on the foregoing, Decision will be entered under Rule 155.
Footnotes
*. 50 percent of interest due on $ 498.00 ** 50 percent of interest due on $ 896.00 *** 50 percent of interest due on $ 3,771.00↩