JOHN L. DONNER, SR., AND MABEL DONNER, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53206. Filed February 15, 1956.

*John L. Donner, Sr., pro se.*
*Thomas J. Donnelly, Jr., Esq.*, for the respondent.

OPINION.

FISHER, *Judge:* The respondent determined a deficiency in income tax of petitioners for the year 1950 in the amount of $104. The only issue is whether or not petitioners are entitled to a dependency exemption for the year 1950 for Julie Ann Donner, one of their children.

All of the facts are stipulated and are incorporated herein by reference.

The petitioners, John L. Donner and Mabel Donner, are husband and wife. They filed a joint Federal income tax return for the taxable year 1950 with the then collector of internal revenue for the district of Wisconsin, and in computing the tax due on such return claimed an exemption under the provision of section 25 of the Internal Revenue Code of 1939 for their daughter Julie Ann Donner.

During the taxable year 1950, the Wisconsin State Department of Public Welfare, Madison, Wisconsin, expended the amount of $721.14 for the support of Julie Ann Donner, who was committed as an invalid to the Southern Colony and Training School at Union Grove, Wisconsin, during such year. During the same year, petitioners expended

no more than $50 for the support of Julie Ann Donner, which amount was expended for clothing. Petitioners also, during 1950, made one payment in the amount of $10 to the Wisconsin State Department of Public Welfare to reimburse such department for amounts expended by it for the support of Julie Ann Donner.

A total of $771.14 was expended for the support of Julie Ann Donner during the taxable year 1950, and during such year Julie Ann Donner had no income of her own and expended no money of her own for her own support.

In June of 1954, the Wisconsin State Department of Public Welfare, Madison, Wisconsin, secured a judgment in the County Court, Milwaukee County, Wisconsin, against John L. Donner, one of the petitioners, requiring him to reimburse the department for amounts expended for the support of Julie Ann Donner during the taxable year 1950 and for other years, and requiring him to pay monthly installments in the sum of $10 commencing July 1, 1954, until said account is paid in full or until further order of the court.

The stipulation of facts does not disclose what amounts have been paid on account of the judgment entered in 1954.

The material provisions of section 25 of the Internal Revenue Code of 1939 are as follows:

SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—

(1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:

\* \* \* \* \* \* \*

(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year.

\* \* \* \* \* \* \*

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

(A) A son or daughter of the taxpayer, or a descendant of either, \* \* \*

Respondent's determination is prima facie correct.

It is clear from the stipulated facts that petitioners, in 1950, contributed far less than one-half of the support of Julie Ann for that year. It is equally clear that the language of section 25 (b) (3), in part, defining a "dependent" as a person "over half of whose support for the \* \* \* year \* \* \* was received from the taxpayer" required something more than an unfulfilled duty or obligation on the part of the taxpayer to qualify him for allowance of the dependency exemption. The subsequent securing of a judgment against John L. Donner by the State Department of Public Welfare in 1954, for reimburse-

ment of its expenditures for Julie Ann, likewise presents no basis for allowance of such exemption to petitioners for 1950.

Under the circumstances, we approve respondent's determination.

*Decision will be entered for respondent.*