**Ward GULVIN and Estate of Dorothy Gulvin, Deceased, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 80–5789

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Unit B

May 1, 1981.

Ward Gulvin, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Richard Farber, Tax Division, Dept. of Justice, Washington, D.C., Mary L. Fahey, for respondent-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Taxpayers appeal from the Tax Court's decision disallowing their claimed dependency exemption for the 1973 tax year for five of their children who lived in foster homes. The key question for an income tax deduction for a dependent child is whether over half of the child's support was received from taxpayer. Taxpayers contend that, although the state is paying for their children's foster care, the husband's estate will be liable to the state under Florida law for such state expenditures and therefore the state's public support payments should be treated as having been received from the taxpayers. The Tax Court did not think so. Neither do we.

Section 151(a) and (e) of the Internal Revenue Code of 1954 grants a taxpayer an exemption, allowable as a deduction, for each dependent. A dependent includes a son or daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." I.R.C. § 152(a)(1). Welfare payments or other types of public assistance payments received by a claimed dependent do not constitute support furnished by the taxpayer. See Lutter v. Commissioner, 61 T.C. 685 (1974), aff'd per curiam, 514 F.2d 1095 (7th Cir.), cert. denied, 423 U.S. 931, 96 S.Ct. 283, 46 L.Ed.2d 260 (1975); Donner v. Commissioner, 25 T.C. 1043 (1956).

The parties have stipulated that during 1973 the State of Florida through the De-

partment of Health and Rehabilitative Services and the Federal Government through the Social Security Administration were the sole source of support for those five children.

 Even of Mr. Gulvin's estate is potentially liable for the amount of the state's payments, such liability should not be regarded as support having been "received" from the taxpayers. Although we have been cited nothing but Tax Court cases for the propositions asserted by the Government, we think them sound and follow the Tax Court precedent on these points. Something more than an unfulfilled duty or obligation on the part of the taxpayer to support his children is required to satisfy the support requirements of the Internal Revenue Code. *Donner v. Commissioner*, 25 T.C. 1043 (1956). Only support "received" from the taxpayer in the year for which the dependency exemption is claimed may be considered in determining whether over half of a child's support was received from the taxpayer. *McKay v. Commissioner*, 34 T.C. 1080 (1960). Reimbursement of a third party by the taxpayer in a later year for amounts expended by the third party in an earlier year on behalf of the taxpayer's child is not support "received" by the child from the taxpayer and provides no basis for the allowance of a dependency exemption in the earlier year. *See Donner v. Commissioner*, 25 T.C. 1043 (1956). *See also Casey v. Commissioner*, 60 T.C. 68 (1973).

Since the taxpayers did not contribute more than 50 percent of the support of their five children who lived in foster homes in 1973, the Tax Court properly held they were not entitled to claim a dependency deduction for any of those five children.

AFFIRMED.