T.C. Memo. 1997-544

UNITED STATES TAX COURT

RODGER L. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23824-95.                    Filed December 9, 1997.

Rodger L. Smith, pro se.

<u>Lawrence B. Austin</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency of $2,200 in petitioner's Federal income tax for 1992.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:  (1) Whether petitioner is entitled to a dependency exemption deduction; (2) whether petitioner may file as head of household; and (3) whether petitioner is entitled to the earned income credit.[2]

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Columbus, Georgia.

Background

Petitioner is not married.  In 1992, he was a member of the United States Army and resided in the barracks in Washington, D.C.  Petitioner's mother, Alzater Wiggins, lived in Columbus, Georgia, along with petitioner's 17-year old sister, Sonya Tolbert and her son, Pierre Tolbert.  The house in which they resided was titled in Alzater Wiggins' name.

Ms. Wiggins received approximately $400 in Social Security benefits each month as her sole source of income.  Petitioner made monthly mortgage payments on Ms. Wiggins' house and sent her $100 a month.  Ms. Wiggins paid the household utility bills out of her $400 benefit, and when necessary petitioner sent her additional funds to cover monthly expenses above $400.

---

[2]The amount of petitioner's standard deduction will be determined by our resolution of the issue of his filing status.

Both Sonya and Pierre Tolbert received some form of public assistance while living in Ms. Wiggins' home. Sonya Tolbert received $110 each month in food stamps and Pierre Tolbert's medical expenses were paid by the State of Georgia Department of Medical Assistance.

Petitioner filed as head of household for the taxable year 1992 and claimed dependency exemptions for both Sonya and Pierre Tolbert. Petitioner also claimed the earned income credit in 1992 for Sonya and Pierre Tolbert in the amount of $1,261.

Respondent disallowed petitioner's claim for dependency exemptions on the grounds that he did not provide over one half of Sonya's and Pierre's support during 1992. Respondent also denied petitioner's claim for the earned income credit and his head of household filing status.

## Discussion

Respondent's determinations are presumed correct, and petitioner has the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Taxpayers must maintain adequate records to substantiate the amount of any deductions or credits claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

The first issue we address is whether petitioner is entitled to claim dependency exemption deductions for Sonya and Pierre Tolbert. Section 151(c)(1) allows a taxpayer to claim an

exemption deduction for each qualifying dependent.  A sister or nephew is considered a "dependent" so long as the taxpayer is providing more than half the dependent's support for the taxable year and the dependent's gross income for that year is less than the exemption amount.[3]

Petitioner contends that because he sent checks to his mother in Columbus, Georgia, to cover the first and second mortgages on her house and other miscellaneous expenses, he is entitled to claim his sister and nephew as dependents while they are living in his mother's Georgia home.

Petitioner testified about his financial contributions to his mother that she used throughout the year.  The parties stipulated that during 1992 petitioner made his mother's monthly mortgage payments of $197.16.  At trial, petitioner testified

---

[3]Sec. 152(a) defines "dependent" as:

(a) * * * any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *

* * * * * * *

(3) A brother, sister, stepbrother, or stepsister of the taxpayer,

* * * * * * *

(6)  A son or daughter of a brother or sister of the taxpayer,

that he also contributed $155 to his mother's second mortgage and sent her $100 a month[4].

We have no doubt that petitioner made significant financial contributions to the household. Petitioner, however, has not met his burden of proof because he failed to substantiate the total amount of support provided to Sonya and Pierre Tolbert.

In order for petitioner to establish that he provided more than half of his claimed dependents' support, he must first show by competent evidence the total amount of support furnished by all sources for the year in issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Petitioner has not offered evidence of the total amount of support provided for Sonya and Pierre Tolbert in 1992. It is therefore impossible to conclude that petitioner provided more than one-half of their support for the taxable year.

There was no evidence presented on the cost of food, clothing, education, household utilities, or home repair expenses which were necessary to maintain the household in 1992. See sec. 1.152-1(a)(2)(i), Income Tax Regs. Furthermore, petitioner acknowledged that additional sources of support were provided, including amounts furnished by Ms. Wiggins as well as Sonya's

---

[4]Petitioner did not identify how many of these payments were made during 1992.

food stamps and Pierre's free medical assistance.[5]  All sources of support must be accounted for in computing the total support provided for Pierre and Sonya in 1992, including amounts contributed by the individual for his or her own support.  See sec. 1.152-1(a)(2)(ii), Income Tax Regs.  Without proper substantiation, the court cannot conclude from the record that more than half of Sonya's and Pierre's support was provided by petitioner.  Accordingly, respondent's determination that Sonya and Pierre are not dependents for section 151 purposes is sustained.

Petitioner contends that he is entitled to use head of household filing status for 1992.  Section 1(b) imposes a special tax rate on individuals filing as head of household.  Head of household is defined in section 2(b) as an unmarried individual who maintains his household as the principal place of abode for specific family members for more than one-half the taxable year. To maintain a household as a principal place of abode, the taxpayer must furnish over half of the household's necessary support over the taxable year.[6]

_____

[5]Welfare or public assistance received by a claimed dependant is not considered support furnished by the taxpayer. See Gulvin v. Commissioner, 644 F.2d 2 (5th Cir. 1981), affg. T.C. Memo. 1980-111.

[6]Sec. 2(b). DEFINITION OF HEAD OF HOUSEHOLD.--

(1) In General.--For purposes of this subtitle, an

(continued...)

Petitioner failed to prove he provided over half the costs of maintaining the household where Sonya and Pierre Tolbert resided for the taxable year 1992. We must find therefore that petitioner did not maintain his household as their principal place of abode and may not file as head of household.

_____

[6](...continued)
individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, * * * and either--

(A) maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of--

(i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 * * *, or

(ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.

For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.

Respondent's determination that petitioner does not qualify for the earned income credit is also sustained. Section 32(a) offers the earned income credit only to eligible individuals. "Eligible individual" is defined in section 32(c)(1)(A) as one who has a "qualifying child" for the taxable year. A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. See sec. 32(c)(3).

The relationship test is set forth in section 32(c)(3)(B). To satisfy the test, the qualifying child must be a son, a daughter, or descendant, a stepson or stepdaughter, or a foster child. Petitioner argues that Pierre and Sonya Tolbert are foster children. We disagree with petitioner.

"Eligible foster child" is defined in section 32(c)(3)(B)(III) as a child who is cared for by the taxpayer as though the child were his own, and has the same principal place of abode as the taxpayer for the entire taxable year. The statute neither interprets how a taxpayer cares for a child as his own, nor defines principal place of abode.

Petitioner offered no evidence that he cared for either Sonya or Pierre Tolbert in a parental capacity. He did not have legal custody of the children, nor did he claim to play any significant role in their day-to-day lives other than as a

financial contributor to the household.[7]  The relationship test found in section 32(c)(3)(B) refers to lineal descendants of the taxpayer, stepchildren, or foster children of the taxpayer.  It does not mention siblings, or nephews.  This language shows that Congress intended the earned income credit to be offered only to parents actually caring for children.  We conclude that Sonya and Pierre Tolbert do not fall within the definition of eligible foster children for purposes of section 32.

<u>Decision will be entered for respondent</u>.

---

[7]Petitioner testified that on the eve of trial he learned that Pierre was required to see the doctor every 6 months. Although not conclusive, we believe that this testimony does not support a finding that petitioner cared for Pierre as he would his own child.