T.C. Summary Opinion 2001-113

UNITED STATES TAX COURT

TIFFANY PARAMORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2041-00S.                    Filed July 26, 2001.

Tiffany Paramore, pro se.

<u>Monica J. Miller</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,307 for tax year 1998. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for her son; (2) whether petitioner qualifies for head-of-household filing status; and (3) whether petitioner is entitled to the earned income credit under section 32.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing her petition, petitioner resided in Orlando, Florida.

During 1998, petitioner had four minor children. The second oldest child, Simeon Gemaele Thomas, Jr. (Simeon), was born in 1993. During the first part of 1998, petitioner and her children lived in an apartment, and petitioner worked as a telemarketer. In either April or May 1998, petitioner lost her job when the account she worked on ended.

In July 1998, petitioner and her three youngest children moved to Miami, Florida, where they lived with Johnny Fortune (Mr. Fortune). Mr. Fortune is the father of the two youngest children. The eldest child, Dequane, lived with petitioner's mother in Orlando, Florida, while petitioner lived with Mr.

Fortune. Mr. Fortune was employed during 1998, but petitioner did not secure employment. At the end of August 1998, petitioner and Simeon moved in with petitioner's mother, while the youngest two children remained with Mr. Fortune.

Petitioner, Simeon, and Dequane lived with petitioner's mother through the end of the year. Petitioner secured employment by the end of November 1998, and her mother worked during the period at issue. Simeon lived with petitioner for all of 1998.

Petitioner earned wages of $7,186 in 1998. Petitioner also received $5,064 in housing subsidies from HUD for herself and her four children. In addition, petitioner and her four children received $2,372 from AFDC and $2,998 in food stamps. Further, Simeon's father, Simeon Gemaele Thomas, paid $396.68 of child support in 1998.

On her 1998 Federal income tax return, petitioner claimed (1) a dependency exemption deduction for Simeon and (2) an earned income credit with Simeon listed as a qualifying child. Petitioner also filed her return claiming head-of-household filing status.

In the notice of deficiency to petitioner, respondent disallowed the dependency exemption deduction and earned income tax credit. Respondent alleges that petitioner failed to meet the requirements for the dependency exemption deduction and did

not have a qualifying child for the earned income tax credit. Respondent also changed petitioner's filing status to single.

Discussion

### 1. Dependency Exemption Deduction

A taxpayer is permitted to claim as a deduction an exemption for certain dependents. See sec. 151(a), (c)(1). A taxpayer's son qualifies as a dependent so long as the taxpayer provided more than half of the support to the dependent. See sec. 152(a)(1); sec. 1.152-1(a)(1), Income Tax Regs.

The level of support is determined by the support test, in which the total amount of support from all sources is compared with the amount of support actually provided by a taxpayer. The taxpayer must establish, by competent evidence, the total amount of the support furnished by all sources for the taxable year at issue. See Turay v. Commissioner, T.C. Memo. 1999-315; Keegan v. Commissioner, T.C. Memo. 1997-511; sec. 1.152-1(a)(2)(i), Income Tax Regs. If the total amount of support is not established, then it is generally not possible to conclude that the taxpayer provided more than half of the support to the claimed dependent. See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Batson v. Commissioner, T.C. Memo. 2000-172; Butler v. Commissioner, T.C. Memo. 1998-355; Smith v. Commissioner, T.C. Memo. 1997-544.

Support includes such items as food, shelter, medical expenses, and clothing. See sec. 1.152-1(a)(2)(i), Income Tax

Regs. Support also includes public assistance, such as welfare and food stamps, received by the individual. These items are calculated as part of the total amount of support received by the individual and are not attributed to the taxpayer. See Gulvin v. Commissioner, 644 F.2d 2, 3 (5th Cir. 1981), affg. T.C. Memo. 1980-111; Smith v. Commissioner, supra.

Petitioner failed to establish that she provided more than one-half of Simeon's support. We are unsure as to the total amount of support Simeon received from all sources. The record is also silent as to the amount of support Simeon received from petitioner. Therefore, we sustain respondent's determination.

2. Filing Status

In order to qualify for head-of-household filing status, a taxpayer must satisfy the requirements of section 2(b). Pursuant to that section, and as relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as her home a household that constitutes for more than one-half of the taxable year, the principal place of abode of a son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). A taxpayer is considered as maintaining a household only if more than half of the cost of maintaining the household during the taxable year is furnished by the taxpayer.

Petitioner was not married at the close of 1998. Simeon lived with petitioner for the entire year at issue. However,

petitioner failed to demonstrate that she furnished more than half of the cost of maintaining the requisite household for Simeon. Our conclusion is based on the analysis that parallels our previous analysis regarding the dependency exemption issue. We hold that petitioner does not qualify as a head of household for 1998.

### 3. Earned Income Credit

On her 1998 Federal income tax return, petitioner claimed an earned income credit based on Simeon as a qualifying child. In the case of an eligible individual, section 32(a) allows an earned income credit against the individual's income tax liability. As relevant herein, an "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year. Sec. 32(c)(1)(A).

The record reflects that Simeon is a "qualifying child" pursuant to the requirements set forth in section 32(c)(3)(A)(i through iv). In this regard, Simeon satisfies the relationship test, see sec. 32(c)(3)(A)(i), (B)(i)(I), the residency test, see sec. 32(c)(3)(A)(ii), and the age test, see sec. 32(c)(3)(A)(iii), (C)(i). Finally, Simeon is a child with respect to whom petitioner satisfied the identification requirement under section 32(c)(3)(C)(A)(iv), (D)(i) by setting forth his name, age, and applicable taxpayer identification number on Schedule EIC, Earned Income Credit.

Therefore, we hold that petitioner is entitled to the earned income tax credit for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.