T.C. Summary Opinion 2002-89

UNITED STATES TAX COURT

ATOUMANE NDOYE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10420-01S.          Filed July 15, 2002.

Atoumane Ndoye, pro se.

Linda J. Wise, for respondent.

LARO, Judge:  This case was heard pursuant to section 7463.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Petitioner petitioned the Court to redetermine respondent's
determination of a $2,754 deficiency in petitioner's 1998 Federal

_____

[1] Section references are to the applicable versions of the
Internal Revenue Code.  Rule references are to the Tax Court
Rules of Practice and Procedure.

income tax. The issues for decision are whether petitioner is entitled to (1) a deduction for certain dependency exemptions and (2) a child tax credit which he claimed on his 1998 Federal income tax return. We decide both issues in the negative.

The parties have stipulated some of the facts. Their stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in Montgomery, Alabama, when his petition was filed.

Petitioner filed a 1998 Federal income tax return, using the filing status of "Head of Household". On that return, he claimed a dependency exemption deduction for five children (collectively, the children) whom he listed as a (1) child named Abdoul A. Amar, (2) child named Astou G. Amar, (3) niece named Asta M. Amar, (4) niece named Maymouna A. Amar, and (5) nephew named Mohammed Diod. He claimed on his return that two of the children, Abdoul A. Amar and Astou G. Amar, qualified him for a $491 child tax credit under section 24.

On October 5, 2000, respondent mailed a letter to petitioner requesting a list of persons who lived in his household, as well as their relationships to him, their Social Security numbers, and the number of months each person lived in petitioner's household during the taxable year. Respondent also requested in his letter that petitioner supply respondent with a copy of each dependent's birth certificate or green card.

Petitioner replied to respondent's letter on or about October 28, 2000, through a letter that (1) listed the name and Social Security number of each of the children and (2) stated that the children had lived with petitioner for all of 1998. Petitioner asserted in his letter that he did not have any of the children's birth certificates (and thus was unable to provide them to respondent) because he returned the children to Senegal (with their birth certificates) because of the high cost of supporting them in his household in the United States.

Rule 142(a)(1) states that "the burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court". Section 7491(a)(1) provides that the burden of proof is on the Commissioner if the "taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed". We hold that petitioner has failed to introduce any credible evidence as to the relevant issue; thus, he has failed to meet the requirements of section 7491(a). Howard v. Commissioner, T.C. Memo. 2002-85; Marks v. Commissioner, T.C. Memo. 2002-4; see also sec. 7491(b) (section 7491(a) applicable only when, as is not the case here, (1) the taxpayer has complied with the requirements to substantiate the item and (2) the taxpayer maintained the required records and has cooperated with reasonable requests by the Commissioner). Respondent's

determination is presumed to be correct, and petitioner must prove it wrong.  Welch v. Helvering, 290 U.S. 111, 115 (1933).

1.  Dependency Exemption

Section 151(c) allows a taxpayer to claim as a deduction an exemption amount for each of his or her dependents.  Sections 151 and 152 lay out the following five tests that a taxpayer must meet in order to claim another person as a dependent: (1) Support test, (2) relationship or household test, (3) citizenship or residency test, (4) gross income test, and (5) joint return test. If the taxpayer fails any of these tests, he or she may not claim the person as a dependent.

As to the support test, the taxpayer must provide over half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins.  Sec. 152(a).  The support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided at least half of that amount.  Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v. Commissioner, T.C. Memo. 2000-333; Gulvin v. Commissioner, T.C. Memo. 1980-111, affd. 644 F.2d 2 (5th Cir. 1981); Toponce v. Commissioner, T.C. Memo. 1968-101.  A taxpayer who cannot establish the total amount of support costs for the claimed individual generally may not claim that individual as a dependent.  Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

In <u>Newman v. Commissioner</u>, T.C. Memo. 1984-416, the Court held that a taxpayer was not entitled to a dependency deduction for his daughter because he was unable to provide a birth certificate for her and did not establish that there would be any difficulty in securing a birth certificate. Here, similarly, petitioner has failed to provide a birth certificate for each of the children. Although he has testified that the children's birth certificates are with the children in Senegal, he has failed to introduce any evidence to substitute for the birth certificates.

Petitioner has not presented any evidence regarding the total cost of the support for any of the dependents, nor the portion of the total support he provided. Petitioner has failed to meet either the support test or the relationship or household test and is not eligible to claim a dependency exemption deduction for any of the children in 1998.

## 2. Child Tax Credit

Respondent determined that petitioner was not entitled to the claimed child tax credit. Section 24 provides for a credit against tax for each qualifying child of the taxpayer. Section 24(c)(1) defines a qualifying child as any individual if:

> (A) the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year,

(B)  such individual has not attained the age of 17 as of the close of the calendar year in which the taxable year of the taxpayer begins, and

(C)  such individual bears a relationship to the taxpayer described in section 32(c)(3)(B).

Because petitioner is not allowed a deduction under section 151 with respect to any of the children, he does not have any eligible or qualifying children.  It therefore follows that he is not entitled to a child tax credit under section 24(a), and we so hold.

<u>Decision will be entered for respondent</u>.