T.C. Summary Opinion 2005-167

UNITED STATES TAX COURT

ELROY SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16623-04S.          Filed November 14, 2005.

Elroy Smith, pro se.

<u>James R. Rich</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,290 for the taxable year 2003.

The issues for decision are: (1) Whether petitioner is entitled to claim a dependency exemption deduction for DS;[1] (2) whether petitioner is entitled to head-of-household filing status; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is entitled to a child tax credit for taxable year 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Jackson, South Carolina, on the date the petition was filed in this case.

During taxable year 2003, petitioner resided in a dwelling next to that of his sister, Yvonne Smith (Yvonne), who was single. Yvonne has a son DS, who turned 17 years old during taxable year 2003, and who lived with Yvonne.

Also, during taxable year 2003, petitioner was employed as a long-distance truck driver by J.B. Hunt Transport, Inc. Additionally, petitioner was self-employed by his own truck company, E. Smith Trucking Company. J.B. Hunt Transport, Inc. issued to petitioner a Form W-2, Wage and Tax Statement, which

---

[1]The Court uses only the minor child's initials.

reflected wages earned in the amount of $4,400.63.  Petitioner reported business income in the amount of $9,094 from E. Smith Trucking Company, on his 2003 Form 1040, U.S. Individual Income Tax Return.  Petitioner's normal job schedule during taxable year 2003 was to be on the road 3 consecutive weeks, then return to his residence for 3 days, and then go back on the road.

On or about March 27, 2004, petitioner timely filed his Form 1040 for taxable year 2003.  Petitioner filed his 2003 Federal income tax return as a head-of-household and claimed a dependency exemption deduction for DS.  Petitioner also claimed an earned income credit with DS as the qualifying child and a child tax credit with DS as the qualifying child.

On October 12, 2004, respondent issued a notice of deficiency denying petitioner (1) the claimed dependency exemption deduction, (2) head-of-household filing status, (3) the claimed earned income credit, and (4) the claimed child tax credit for taxable year 2003.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct.  Welch v. Helvering, 290 U.S. 111, 115 (1933).  In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner".  In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual

issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner.  Sec. 7491(a)(1); Rule 142(a)(2).  Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[2]  Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)).  Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2).  Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the case at bar.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer.  See Bernardo v. Commissioner, T.C. Memo. 2004-199.

## 1.  Deduction for Dependency Exemption

As previously stated, petitioner claimed a dependency exemption deduction for DS on his 2003 Federal income tax return. Respondent disallowed the deduction in the notice of deficiency.

Section 151 allows deductions for exemptions for dependents of the taxpayer.  See sec. 151(c).  Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of a brother or sister of the taxpayer over half of whose support, for the calendar year was received from the taxpayer. "Support" includes "food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources.  Id.  In other words, the support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided at least half of that amount.  Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v. Commissioner, T.C. Memo. 2000-333; Gulvin v. Commissioner, T.C. Memo. 1980-111, affd. 644 F.2d 2 (5th Cir. 1981); Toponce v. Commissioner, T.C. Memo. 1968-101.  A taxpayer who cannot establish the total amount of support costs

for the claimed individual generally may not claim that individual as a dependent. Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

Petitioner testified that DS resided with his mother, Yvonne, during taxable year 2003. However, petitioner claims that DS resided at petitioner's house when petitioner was home and that he provided DS with food and shelter. As previously stated, petitioner's house was located on a plot of land adjacent to Yvonne's residence. Petitioner, a long-distance truck driver, was on the road 3 consecutive weeks at a time, then returned to his residence for 3 days, and then went back on the road. Petitioner testified that when he was at his residence he spent 50 percent of his time with his nephew, DS. Giving petitioner the benefit of the doubt and taking petitioner upon his word, we conclude that DS could have only resided with petitioner for about 50 days during taxable year 2003.

Petitioner further testified that he supported his nephew, DS. Petitioner stated that he would send checks to his mother, Lydia Smith. She then would cash the checks and give the money to Yvonne to pay for DS's expenses. Petitioner claims that he paid for DS's car, automobile insurance, shoes, clothing, and other necessities during taxable year 2003.

Petitioner has offered into evidence copies of checks which he claims were support payments for DS. However, the checks are

not all made out to Lydia Smith, as would be expected by the support arrangement described by petitioner. Additionally, the checks are all dated during the taxable years 2004 and 2005.

We are convinced that, during 2003, petitioner paid various expenses for DS and was a caring uncle to DS. However, petitioner has failed to provide the Court with any significant corroborative evidence showing that he provided over half of DS's support during the 2003 taxable year.

Upon the basis of the record before us, we cannot find that petitioner has established the total support costs for DS during taxable year 2003, nor has he established that he provided at least half of that amount. Respondent's determination on this issue is sustained.

## 2. Head of Household

As previously stated, petitioner claimed head-of-household filing status on his 2003 Federal income tax return, and respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head of household. Section 2(b) provides the requirements for head-of-household filing status. As relevant here, to qualify as a head of a household a taxpayer must (a) be unmarried at the end of the taxable year, (b) not be a surviving spouse, and (c) maintain as the taxpayer's home a

household that constitutes the principal place of abode of a dependent for whom the taxpayer is entitled to claim a deduction under section 151. Sec. 2(b)(1)(A)(ii).

We have already held that petitioner is not entitled to the dependency exemption deduction pursuant to section 151 with respect to DS. It follows, therefore, that petitioner is not entitled to claim head-of-household filing status. We sustain respondent's determination with respect to this issue.

3. Earned Income Credit

As previously stated, petitioner claimed an earned income credit for taxable year 2003 with DS as the qualifying child. In the notice of deficiency, respondent disallowed the earned income credit.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income includes wages. Sec. 32(c)(2)(A). Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year". A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). The pertinent parts of section 32(c)(3) provide:

(3) Qualifying Child.--

 (A) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

  (i) who bears a relationship to the taxpayer described in subparagraph (B),

  (ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and

  (iii) who meets the age requirements of subparagraph (C).

As relevant herein, a descendant of a brother or sister, who the taxpayer cares for as the taxpayer's own child, satisfies the relationship test.  We are willing to assume DS satisfies the relationship test.

However, as previously stated, petitioner has not established that his residence was the principal place of abode for DS for more than one-half of the taxable year 2003.  We find that DS fails the residency test of section 32(c)(3)(ii).  Accordingly, respondent's determination on this issue is sustained.

4.  <u>Child Tax Credit</u>

As previously stated, petitioner claimed a child tax credit for taxable year 2003 with DS as the qualifying child.  In the notice of deficiency, respondent disallowed the child tax credit.

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  The term "qualifying

child" is defined in section 24(c).  As relevant here, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioner is not entitled to the dependency exemption deduction under section 151 for DS. Accordingly, DS is not considered a "qualifying child" within the meaning of section 24(c).  It follows, therefore, that petitioner is not entitled to a child tax credit under section 24(a) with respect to DS.

In view of the foregoing, we sustain respondent's determination on this issue.

Furthermore, we have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.