T.C. Summary Opinion 2005-168

UNITED STATES TAX COURT

ANDRE L. WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15788-04S.                Filed November 15, 2005.

Andre L. Wilson, pro se.

<u>Amy Dyar Seals</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,766 for the taxable year 2003.

The issues for decision are: (1) Whether petitioner is entitled to claim dependency exemption deductions for KO and NW;[1] (2) whether petitioner is entitled to head-of-household filing status; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is entitled to a child tax credit for taxable year 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Estill, South Carolina, on the date the petition was filed in this case.

During taxable year 2003, petitioner was involved in a romantic relationship with Sandra Orr (Ms. Orr). Ms. Orr had two children, KO and NW, from prior relationships. KO and NW lived with Ms. Orr during taxable year 2003.

Ms. Orr did not work during taxable year 2003. During taxable year 2003, Ms. Orr was entitled to receive $62 per week in child support from KO's father. KO and NW had health insurance for taxable year 2003 through Medicare and/or Medicaid; neither petitioner nor Ms. Orr made payments for this health

---

[1]The Court uses only the minor children's initials.

insurance. During 2003, Ms. Orr, KO, and NW received the following financial benefits: (1) Food stamps for Ms. Orr and her children; (2) a settlement from Social Security of approximately $6,000 "after they took out for the lawyers" for a disability suffered by Ms. Orr; and (3) $152 per month in Social Security benefits as a result of NW's father being deceased. As a result of these benefits, NW received a Form SSA-1099, Social Security Benefit Statement, for taxable year 2003 which reported benefits received of $1,824.

In 2003, KO, who was 17 years old and a high school senior, was employed by Shell-Mark Enterprises and Marshalls of Massachusetts, Inc. Shell-Mark issued to KO a Form W-2, Wage and Tax Statement, which reflected wages earned of $5,173 for taxable year 2003. Marshalls of Massachusetts, Inc., issued to KO a Form W-2 which reflected wages earned of $678 for taxable year 2003.

During taxable year 2003, petitioner was employed as a roofer by Roofing Professionals, Inc. (Roofing) and Low Country Roofing, Inc. (Low Country). Roofing and Low Country each issued to petitioner a Form W-2 which reflected wages earned during taxable year 2003 of $9,636 and $9,210, respectively.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for taxable year 2003 as a head of household and claimed dependency exemption deductions for KO and NW. Petitioner also claimed an earned income credit with KO and NW as

qualifying children and a child tax credit with KO and NW as qualifying children.

On the face of his Form 1040, petitioner claims that these children are his foster children. However, petitioner is not related to either child and is not married to their mother. Furthermore, these children were not placed with him by an authorized child placement agency.

On September 7, 2004, respondent issued a notice of deficiency denying petitioner: (1) The claimed dependency exemption deductions; (2) head-of-household filing status; (3) the claimed earned income credit; and (4) the claimed child tax credit for taxable year 2003.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no

contrary evidence were submitted'".[2]  <u>Baker v. Commissioner</u>, 122 T.C. 143, 168 (2004) (quoting <u>Higbee v. Commissioner</u>, 116 T.C. 438, 442 (2001)).  Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2).  Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in the case at bar.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

## 1.  Deduction for Dependency Exemption

Section 151 allows deductions for exemptions for dependents of the taxpayer.  See sec. 151(c).  Section 152(a) defines the term "dependent", in pertinent part, to include "An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household * * * over half of whose support, for

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer.  See <u>Bernardo v. Commissioner</u>, T.C. Memo. 2004-199.

the calendar year * * * was received from the taxpayer". "Support" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id. In other words, the support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided at least half of that amount. Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v. Commissioner, T.C. Memo. 2000-333; Gulvin v. Commissioner, T.C. Memo. 1980-111, affd. 644 F.2d 2 (5th Cir. 1981); Toponce v. Commissioner, T.C. Memo. 1968-101. A taxpayer who cannot establish the total amount of support costs for the claimed individual generally may not claim that individual as a dependent. Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

As previously stated, on his 2003 Federal income tax return, petitioner claimed dependency exemption deductions for KO and NW.

Petitioner testified that he has lived with Ms. Orr and her children, KO and NW, from taxable year 2000 through the date of trial (February 2005). Petitioner further testified that (1) the

residence which petitioner claims he, Ms. Orr, and her children live in is solely in Ms. Orr's name, and (2) that the bills which result from the residential expenses are also only in Ms. Orr's name.

Petitioner's legal address is still listed as his parents' address. Petitioner testified that he has not changed his legal address since moving in with Ms. Orr because Ms. Orr's residence is not equipped to receive mail. Petitioner claims that he and Ms. Orr are in the process of obtaining a post office box.

Petitioner also testified that he supported KO and NW during taxable year 2003. However, petitioner failed to provide the Court with any significant corroborative evidence showing that he provided over half of KO and NW's support during the 2003 taxable year.

Upon the basis of the record before us, we find that petitioner has not established that his home during taxable year 2003 was the principal place of abode of KO and NW. Further, we find that petitioner has failed to establish the total support costs for the claimed individuals, KO and NW, and that he provided at least half of that amount. Respondent's determination on this issue is sustained.

2. Head of Household

As previously stated, petitioner filed his 2003 Federal income tax return as a head of household, and respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head of household. Section 2(b) provides the requirements for head-of-household filing status. As relevant here, to qualify as a head of a household a taxpayer must (a) be unmarried at the end of the taxable year, (b) not be a surviving spouse, and (c) maintain as the taxpayer's home a household that constitutes the principal place of abode of a dependent for whom the taxpayer is entitled to claim a deduction under section 151. Sec. 2(b)(1)(A)(ii).

We have already held that petitioner is not entitled to the dependency exemption deductions pursuant to section 151 with respect to KO and NW. It follows, therefore, that petitioner is not entitled to claim head-of-household filing status. We sustain respondent's determination with respect to this issue.

3. Earned Income Credit

As previously stated, petitioner claimed an earned income credit for taxable year 2003 with KO and NW as qualifying children. In the notice of deficiency, respondent disallowed the earned income credit.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income includes wages. Sec. 32(c)(2)(A). Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year". A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). The pertinent parts of section 32(c)(3) provide:

(3) Qualifying child.--

(A) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(i) who bears a relationship to the taxpayer described in subparagraph (B),

(ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and

(iii) who meets the age requirements of subparagraph (C).

(B) Relationship test.--

(i) In general.--An individual bears a relationship to the taxpayer described in this subparagraph if such individual is--

(I) a son, daughter, stepson, or stepdaughter, or descendant of any such individual,

(II) a brother, sister, stepbrother, or stepsister, or a descendant of any such individual, who the taxpayer cares for as the taxpayer's own child, or

> (III) an eligible foster child of the taxpayer.

> \* \* \* \* \* \* \*

> (iii) Eligible foster child.--For purposes of clause (i), the term "eligible foster child" means an individual not described in subclause (I) or (II) of clause (i) who--

>> (I) is placed with the taxpayer by an authorized placement agency, and

>> (II) the taxpayer cares for as the taxpayer's own child.

As previously stated, petitioner has not established that his home during taxable year 2003 was the principal place of abode for KO and NW for more than one-half of the taxable year. Further, as previously stated, petitioner is not related to either child, he is not married to their mother, and these children were not placed with him by an authorized placement agency. We find that KO and NW fail the residency test of section 32(c)(3)(A)(ii) and the relationship test of section 32(c)(3)(B); therefore, we need not and do not decide whether they satisfy the age test under section 32(c)(3).

Accordingly, respondent's determination on this issue is sustained.

4. <u>Child Tax Credit</u>

As previously stated, petitioner claimed a child tax credit for taxable year 2003 with KO and NW as qualifying children. In

the notice of deficiency, respondent disallowed the child tax credit.

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  The term "qualifying child" is defined in section 24(c).  As relevant here, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioner is not entitled to dependency exemption deductions under section 151 for KO and NW. Accordingly, KO and NW are not considered "qualifying children" within the meaning of section 24(c).  It follows, therefore, that petitioner is not entitled to a child tax credit under section 24(a) with respect to KO and NW.

In view of the foregoing, we sustain respondent's determination on this issue.

Furthermore, we have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.