T.C. Summary Opinion 2006-17


UNITED STATES TAX COURT


MARIA ROSA BLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7902-04S.          Filed January 31, 2006.


Maria Rosa Bland, pro se.

<u>John D. Faucher</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $1,634 for the taxable year 2002.

The issues for decision are: (1) Whether petitioner is entitled to claim a dependency exemption deduction for JM;[1] and (2) whether petitioner is entitled to an earned income credit with JM as the qualifying child.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Sun Valley, California, on the date the petition was filed in this case.

During taxable year 2002, petitioner was involved in a romantic relationship with Orlando Martinez (Mr. Martinez). In fact, during taxable year 2002, petitioner and Mr. Martinez became engaged to be married.

In January of 2002, petitioner and her son, AM, from a previous marriage, moved in with Mr. Martinez and his three children from previous relationships. One of Mr. Martinez's children, JM, is the child at issue in the present case. In September of 2002, petitioner, her son, Mr. Martinez, and his children all moved into a larger residence. They all continued to live together for the remainder of the taxable year 2002.

---

[1]The Court uses only the minor child's initials.

During the year in issue and through the time of trial, petitioner had not adopted JM, had not married Mr. Martinez, and was not related to JM. During the year in issue, JM was 11 years old.

During taxable year 2002, petitioner was an independent sales director for Mary Kay, Inc. Mary Kay, Inc. issued petitioner a Form 1099-MISC, Miscellaneous Income, which reflected "nonemployee compensation" of $25,765.25 and "other income" of $3,758.81.

Also, during taxable year 2002, Mr. Martinez was disabled and received disability benefits of approximately $420 per month. Mr. Martinez did not file a Federal income tax return for taxable year 2002.

On or about April 3, 2003, petitioner filed her Form 1040, U.S. Individual Income Tax Return, for taxable year 2002. Petitioner filed her 2002 Federal income tax return as a head-of-household and claimed dependency exemption deductions for AM and JM. Petitioner also claimed an earned income credit with AM and JM as the qualifying children.

On March 18, 2004, respondent issued a notice of deficiency denying petitioner (1) the claimed dependency exemption deduction with respect to JM, and (2) the portion of the claimed earned income credit with JM as the qualifying child.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[2] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

proof has not shifted to respondent with respect to any of the issues in the present case.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. Deduction for Dependency Exemption

Section 151 allows as a deduction an exemption for each dependent of the taxpayer. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include "An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household", provided that more than half of the individual's support, for the calendar year was received from the taxpayer. "Support" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id. In other words, the support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided

more than half of that amount.  Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v. Commissioner, T.C. Memo. 2000-333; Gulvin v. Commissioner, T.C. Memo. 1980-111, affd. 644 F.2d 2 (5th Cir. 1981); Toponce v. Commissioner, T.C. Memo. 1968-101.  A taxpayer who cannot establish the total amount of support costs for the claimed individual generally may not claim that individual as a dependent.  Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

As previously stated, on her 2002 Federal income tax return petitioner claimed a dependency exemption deduction for JM.

During taxable year 2002, petitioner resided with Mr. Martinez and JM.  Petitioner testified that she helped Mr. Martinez support JM by paying for some clothing and food for JM. Mr. Martinez corroborated petitioner's testimony on this point. Mr. Martinez further testified that he and petitioner split all expenses which were incurred as a result of their cohabitation. Additionally, Mr. Martinez testified that he solely supported his other two children.

We are convinced that, during 2002, petitioner helped support JM.  Unfortunately, petitioner failed to provide the Court with any specific testimony or documentary evidence as to any specific amounts paid in support of JM during taxable year 2002.

On the basis of the record before us, we cannot find that petitioner has established the total support costs for JM during taxable year 2002, nor has she established that she provided more than half of that amount. Respondent's determination on this issue is sustained.

## 2. Earned Income Credit

As previously stated, petitioner claimed an earned income credit for taxable year 2002 with AM and JM as the qualifying children. In the notice of deficiency, respondent disallowed the portion of the earned income credit with respect to JM as the qualifying child.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income includes wages. Sec. 32(c)(2)(A). Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year". A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). The pertinent parts of section 32(c)(3) provide:

(3) Qualifying child.--

(A) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(i) who bears a relationship to the taxpayer described in subparagraph (B),

(ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and

(iii) who meets the age requirements of subparagraph (C).

(B) Relationship test.--

(i) In general.--An individual bears a relationship to the taxpayer described in this subparagraph if such individual is--

(I) a son, daughter, stepson, or stepdaughter, or descendant of any such individual,

(II) a brother, sister, stepbrother, or stepsister, or a descendant of any such individual, who the taxpayer cares for as the taxpayer's own child, or

(III) an eligible foster child of the taxpayer.

\*     \*     \*     \*     \*     \*     \*

(iii) Eligible foster child.--For purposes of clause (i), the term "eligible foster child" means an individual not described in subclause (I) or (II) of clause (i) who–

(I) is placed with the taxpayer by an authorized placement agency, and

(II) the taxpayer cares for as the taxpayer's own child.

As previously stated, petitioner is not related to JM, she has not adopted JM, and she has not married his father.  We find that JM fails the relationship test of section 32(c)(3)(B); therefore, we need not and do not decide whether he satisfies the residency test of section 32(c)(3)(A)(ii).

Accordingly, respondent's determination on this issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.