T.C. Memo. 2011-224

UNITED STATES TAX COURT

WILLIAM L. WELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6429-09.                    Filed September 20, 2011.

William L. Weller, pro se.

<u>Patsy A. Clarke</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2005 | $4,874 | $974.80 |
| 2006 | 5,007 | 1,001.40 |
| 2007 | 1,250 | 250.00 |

The issues for decision are: (1) Whether petitioner engaged in his glider plane-related activities during the years in issue with the objective of making a profit within the meaning of section 183; (2) whether petitioner is entitled to deductions for unreimbursed employee expenses that he claimed for 2006; and (3) whether petitioner is liable for accuracy-related penalties under section 6662(a). All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in the State of Washington at the time the petition was filed.

In 2002, petitioner was laid off from The Boeing Co. (Boeing). Subsequently, he believed there was an opportunity in the Pacific Northwest to offer high-performance glider training. He received his training in high-performance gliders in Arizona and learned that others seeking this training had also traveled away from the Pacific Northwest to Arizona, California, and Florida.

Petitioner is licensed by the Federal Aviation Administration (FAA) as a Certified Flight Instructor Airplane, Certified Flight Instructor Instruments, and Certified Flight

Instructor Glider. Petitioner performed flight instruction for the Boeing Employees Soaring Club.

On August 1, 2003, petitioner formed Northwest Eagle Soaring, L.L.C. (Northwest), in Washington. Northwest provides private glider flight instruction and glider plane rides. Petitioner did not prepare a business plan for Northwest. During the years in issue, Northwest had no employees.

In late 2003, petitioner used money he inherited to complete his purchase of a DG-1000 high-performance glider plane for $180,000, and he placed it in service on November 22, 2003.

Northwest conducts its activities primarily on weekends from March through November. Glider flights are restricted to times of good visibility. For business promotion, Northwest maintains a Web site, distributes marketing flyers to locations such as airports and aviation-related businesses, and advertises in a flying publication.

Petitioner maintained flight logs for the glider activities as required by the FAA. The glider flight hours logged were 68.6, 81.6, and 75.18 for 2005, 2006, and 2007, respectively. The FAA regulations, 14 C.F.R. sec. 91.409(2)(b), in effect for the years in issue, required an aircraft to receive an additional annual inspection if it carried persons for hire or for flight instruction beyond 100 hours.

In 2004 petitioner focused his time on the Northwest activities and did not have other employment. On his 2004 Federal income tax return, petitioner reported wages of $1,735 and a loss of $54,359 from his Northwest activities.

In January 2005, petitioner started working full time for Harbour Homes, Inc. Petitioner reported wages of $34,734 on his 2005 Form 1040, U.S. Individual Income Tax Return, and claimed unreimbursed employee business expenses of $13,180 on Schedule A, Itemized Deductions. On a Schedule C, Profit or Loss From Business, prepared for Northwest, petitioner reported gross receipts of $12,000 and total expenses of $45,920 that included a deduction for depreciation of $35,423 for the glider. This depreciation deduction was calculated on Form 4562, Depreciation and Amortization (Including Information on Listed Property), using a cost basis of $180,000, a 7-year recovery period, the 200-percent declining balance method, and the mid-quarter convention. Petitioner reported no tax due for 2005.

Petitioner continued working full time for Harbour Homes, Inc., until February 2006 when he began a full-time job with Boeing as an engine build-up mechanic. On his 2006 Form 1040, petitioner reported wages of $56,498 and claimed unreimbursed employee business expenses of $9,415 on Schedule A. On the Northwest Schedule C, petitioner reported gross receipts of $10,950 and total expenses of $37,773 that included a

depreciation deduction of $25,302. Petitioner reported no tax due for 2006.

In 2007 petitioner worked full time for Boeing. On his 2007 Form 1040, petitioner reported wages of $64,474 and claimed unreimbursed employee expenses of $6,723. On the Northwest Schedule C, petitioner reported gross receipts of $12,030 and total expenses of $27,523 that included a depreciation deduction of $18,073. Petitioner did not carry insurance on the glider in 2007, reducing his reported expenses by approximately $5,000 as compared to 2005 and 2006 when he carried insurance. Petitioner did not claim the 2007 Northwest loss on his Form 1040 because of an issue he attributed to the computer software he used to prepare his tax return. Petitioner reported tax due of $3,340 for 2007.

The IRS audited petitioner's 2005, 2006, and 2007 income tax returns and determined that the Northwest activities during the years in issue did not satisfy the objective of making a profit within the meaning of section 183. Accordingly, the examiner determined that for each of those years petitioner was not entitled to deduct the claimed Northwest Schedule C expenses, except to the extent of Schedule C gross receipts; that petitioner's Northwest Schedule C gross receipts should be reported as "other income" on his Form 1040 and the Schedule C expenses should be reported as "other miscellaneous expenses" on

Schedule A; and petitioner's unreimbursed employee business expenses should be disallowed and reported as Schedule A expenses. These determinations by the examiner were included in the notice of deficiency sent to petitioner on December 12, 2008.

OPINION

Under section 183(a), if an activity is not engaged in for profit, then no deduction attributable to that activity is allowed except to the extent provided by section 183(b). In pertinent part, section 183(b) allows those deductions that would have been allowable had the activity been engaged in for profit only to the extent of gross income derived from the activity (reduced by deductions attributable to the activity that are allowable without regard to whether the activity was engaged in for profit).

Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." An activity is engaged in for profit if the taxpayer's "predominant, primary or principal objective" in engaging in the activity was to realize an economic profit independent of tax savings. Wolf v. Commissioner, 4 F.3d 709, 713 (9th Cir. 1993), affg. T.C. Memo. 1991-212. The expectation of making a profit need not be reasonable. Beck v. Commissioner, 85 T.C. 557, 569 (1985); Dreicer v. Commissioner,

78 T.C. 642, 644-645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.

"The proper focus of the test * * * is the taxpayer's subjective intent. * * * However, objective indicia may be used to establish that intent." Skeen v. Commissioner, 864 F.2d 93, 94 (9th Cir. 1988), affg. Patin v. Commissioner, 88 T.C. 1086 (1987); see also Wolf v. Commissioner, supra at 713; Indep. Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472. Greater weight is given to objective facts than to a taxpayer's self-serving statement of intent. See King v. Commissioner, 116 T.C. 198, 205 (2001); sec. 1.183-2(a) and (b), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of relevant factors to be weighed when considering whether a taxpayer is engaged in an activity for profit. The relevant factors are: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other activities for profit; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, that are earned from the activity; (8) the financial status

of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved in the activity. None of these factors is controlling in and of itself, and a decision as to a taxpayer's intent is not governed by a numerical preponderance of the factors. Indep. Elec. Supply, Inc. v. Commissioner, supra at 726-727; Golanty v. Commissioner, 72 T.C. 411, 426-427 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. A final determination is made only after considering all facts and circumstances. Indep. Elec. Supply, Inc. v. Commissioner, supra at 727; Golanty v. Commissioner, supra at 426.

Respondent determined that petitioner did not engage in the glider activities with an intent to derive a profit and therefore disallowed the Schedule C loss deductions. Petitioner counters that he did engage in the glider activities with an intent to realize a profit. We address the nine nonexclusive factors in section 1.183-2(b), Income Tax Regs., in determining petitioner's intent objectively.

Carrying on the activity in a businesslike manner and maintaining complete and accurate books and records may indicate a profit objective. Sec. 1.183-2(b)(1), Income Tax Regs. Businesslike conduct is characterized by careful and thorough investigation of the profitability of a proposed venture, monitoring of a venture in progress, and attention to problems

that arise over time.  See <u>Ronnen v. Commissioner</u>, 90 T.C. 74, 93 (1988); <u>Taube v. Commissioner</u>, 88 T.C. 464, 481-482 (1987).

Petitioner did not maintain thorough books and records for his glider activities beyond his flight logs, but the absence of accurate books and records does not conclusively establish the lack of a profit objective.  See <u>De Boer v. Commissioner</u>, T.C. Memo. 1996-174.  The purpose of maintaining books and records is more than to memorialize for tax purposes the existence of the subject transactions; it is to facilitate a means of periodically determining profitability and analyzing expenses such that proper cost saving measures might be implemented in a timely and efficient manner.  <u>Golanty v. Commissioner</u>, <u>supra</u> at 430; <u>Burger v. Commissioner</u>, T.C. Memo. 1985-523, affd. 809 F.2d 355 (7th Cir. 1987).  Petitioner did not prepare budgets, income statements, balance sheets, forecasts, or other financial statements.  However, petitioner did review Northwest's expenses and elected to discontinue carrying insurance for the glider in 2007 to reduce expenses.  Petitioner also purposely did not exceed 100 hours of glider flight time to avoid the additional costly glider inspection each year.

Petitioner held himself out as a glider instructor and actively promoted Northwest through various marketing efforts, primarily Northwest's Web site, to secure clients for glider rides and/or for instruction.  Although petitioner could and

should have kept better business records for Northwest, what efforts he did undertake to make a financial success of his glider activities tend to show a profit objective.

A taxpayer's extensive study of the accepted business and economic practices of an activity, as well as the taxpayer's consultation with experts, may indicate a profit objective. Sec. 1.183-2(b)(2), Income Tax Regs. Petitioner secured the appropriate licenses and training to satisfy the FAA requirements to operate as a glider flight instructor. Additionally, he provided flight instruction at the Boeing Employees Soaring Club. However, petitioner did not provide information that he had consulted with accountants, lawyers, or business advisers about the economic aspects of his activities. This factor is neutral.

The fact that a taxpayer devotes much personal time and effort to carrying on an activity may indicate a profit objective, particularly where the activity does not involve substantial personal or recreational aspects. Sec. 1.183-2(b)(3), Income Tax Regs. Petitioner started the Northwest glider activities after he lost his full-time job with Boeing and continued the activities part time after resuming full-time employment. During the years in issue, petitioner generally devoted all of his weekends to the glider activities.

Respondent emphasizes that petitioner worked full time for Harbour Homes and then Boeing during the years in issue,

suggesting that petitioner's glider activities could not rise to the level of a trade or business because he also had a full-time job. But petitioner's having full-time employment does not preclude the possibility that his glider activities constituted a separate trade or business. We have recognized that a taxpayer may engage in more than one trade or business at any one time. See Gestrich v. Commissioner, 74 T.C. 525, 529 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982); Christine v. Commissioner, T.C. Memo. 2010-144.

A taxpayer's expectation that assets used in an activity will appreciate in value to create an overall profit may indicate a profit objective as to that activity. Golanty v. Commissioner, supra at 427-428; sec. 1.183-2(b)(4), Income Tax Regs. Northwest's only asset during the years in issue was the glider. There is nothing in the record regarding the value of the glider during the years in issue to demonstrate appreciation. Thus nothing shows petitioner's expectation as to whether appreciation of the glider would bring about an overall profit. See sec. 1.183-2(b)(4), Income Tax Regs.

A taxpayer's success in carrying on other similar or dissimilar activities is a factor that may show a profit objective. See sec. 1.183-2(b)(5), Income Tax Regs. Petitioner offered no evidence regarding success in carrying on comparable activities. Petitioner contends that he conducted a successful

part-time business venture in kitchen and bathroom remodeling, a dissimilar activity.  However, he did not supply information regarding the operations or financial aspects of this business.

A profit objective is strongly indicated where the taxpayer has experienced a series of profitable years.  Sec. 1.183-2(b)(6), Income Tax Regs.  A series of losses during the startup period of an activity is not necessarily an indication that the activity is not engaged in for profit, bearing in mind, however, that the objective must be to realize a profit on the entire operation--future net earnings and also enough earnings to recoup losses that have been incurred in intervening years.  Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967).

Petitioner reported losses on his tax return for Northwest for 2004 and for the years in issue.  Petitioner contends that the losses reported were "paper losses" because they were primarily a result of depreciating the glider using a 7-year recovery period.  He asserts that if depreciation is not included in the Northwest expenses, that Northwest had profits of $1,503 and $2,580 in 2005 and 2007, respectively, and a loss of $1,521 in 2006.  "Depreciation, however, is a reflection of the apportioned use of an asset over a period of more than 1 year and cannot be ignored in a true profit analysis."  Best v.

Commissioner, T.C. Memo. 1990-20; see also Peacock v.
Commissioner, T.C. Memo. 2002-122.

Petitioner's first full year of the glider operations was in
2004. The glider activities were reasonably within the startup
period during the years in issue. We treat this factor as
neutral.

While substantial income from sources other than the
activity may indicate that the activity is not engaged in for
profit, a taxpayer's lack of substantial income from sources
other than the activity tends to indicate that an activity is
engaged in for profit. Sec. 1.183-2(b)(8), Income Tax Regs. The
legislative history of the Tax Reform Act of 1969, Pub. L. 91-
172, 83 Stat. 487, discloses a particular concern about wealthy
individuals attempting to generate paper losses for the purpose
of sheltering unrelated income. See H. Rept. 91-413 (1969),
1969-3 C.B. 200, 244-245. We have no such concerns with respect
to petitioner.

A taxpayer's enjoyment of an activity does not demonstrate a
lack of profit objective if the activity is, in fact, conducted
for profit as shown by other factors. See Jackson v.
Commissioner, 59 T.C. 312, 317 (1972); sec. 1.183-2(b)(9), Income
Tax Regs. "[A] business will not be turned into a hobby merely
because the owner finds it pleasurable; suffering has never been

made a prerequisite to deductibility." Jackson v. Commissioner, supra at 317.

It is not contested that petitioner's glider flight hours logged during the years in issue were attributable to paying customers, with a few solo flights taken for FAA license requirements. Moreover, petitioner worked in the aviation field until he was laid off from Boeing in 2002 and started working full time for that company again in 2006. Petitioner's enjoyment of flying does not change the result of whether he is in the trade or business of providing glider flights and instruction.

These nonexclusive factors and the facts and circumstances of this case lead us to conclude that petitioner engaged in the glider activities with the primary purpose and intent of realizing an economic profit independent of tax savings during the years in issue.

Unreimbursed Employee Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. Commissioner v. Heininger, 320 U.S 467, 475 (1943). To

deduct unreimbursed employee expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from his or her employer. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

Petitioner concedes that he is not entitled to the unreimbursed employee business expense deductions that he claimed for 2005 and 2007. Petitioner has not provided sufficient evidence regarding the expenses claimed for 2006 or whether he received reimbursement or had the right to obtain reimbursement from his employer. Thus, petitioner is not entitled to the deduction claimed for unreimbursed employee business expenses for 2006.

Section 6662(a) Accuracy-Related Penalties

Respondent determined that petitioner is liable for section 6662(a) accuracy-related penalties for the years in issue. Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. A substantial understatement exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, supra at 446-447.

Respondent has not come forward with sufficient evidence to indicate that petitioner was negligent. See sec. 6662(a) and (b)(1).

Respondent determined the amounts of tax required to be shown on petitioner's 2005, 2006, and 2007 tax returns to be $4,874, $5,007, and $4,590, respectively. Petitioner reported total tax due of zero for 2005 and 2006 and $3,340 for 2007. We do not sustain respondent's disallowance of the expense deductions claimed for Northwest on the basis of respondent's determination that Northwest was not engaged in for profit. However, petitioner conceded that the claimed unreimbursed employee business expense deductions for 2005 and 2007 were improper, and we concluded that he is not entitled to those claimed for 2006. If the Rule 155 calculation for any year shows that a substantial understatement of income tax exists under

section 6662(d)(1)(A), petitioner is liable for the section 6662(a) accuracy-related penalty for that year.  Petitioner has not argued that the penalties are inappropriate because of reasonable cause or substantial authority.  See sec. 6664(c)(1); Higbee v. Commissioner, supra at 446-447.

We have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.  To reflect the foregoing,

Decision will be entered

under Rule 155.